738

## MILLS v. UNITED STATES.

District Court, N. D. New York.

Sept. 30, 1940.

Hancock, Dorr, Ryan & Shove of Syracuse, N. Y. (Benj. E. Shove, of counsel), for plaintiff.

Ralph L. Emmons, U. S. Atty., of Syracuse, N. Y. (B. Fitch Tompkins, Asst. U. S. Atty., of Syracuse, N. Y., and Arthur L. Jacobs, Sp. Asst. to the Atty. Gen., of counsel), for defendant.

BRYANT, District Judge.

This is a suit for the recovery of $1,769.79, representing overpayment of income tax. The main question—in fact the only question—is whether plaintiff's claim is barred, and whether the court has jurisdiction over the claim, by reason of the provisions of Section 322 of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Acts, page 436, and Section 3226 of the Revised Statutes, 26 U.S.C.A. Int.Rev.Code § 3772. Section 322, among other things, provides that no credit or refund for overpayment of any tax imposed shall be allowed unless the taxpayer files a claim for refund within two years from the date the tax was paid. Section 3226 of the Revised Statutes, among other things, prohibits the maintenance of any suit or proceeding in any court for the recovery of any tax erroneously or illegally assessed or collected until a claim for refund or credit has been duly filed. It is the contention of defendant that these statutes bar recovery.

In 1930, plaintiff owned 2,674½ shares of the common stock ($100 par value) of the C. E. Mills Oil Company. In that year the C. E. Mills Oil Company sold its assets to another corporation, under a contract by which it received a large cash payment with the balance of the purchase price to be paid in ten annual payments. After completion of the sale, the C. E. Mills Oil Company ceased business and proceeded to liquidate. In 1931, 55 per cent liquidation dividends were paid by the corporation on its outstanding common stock and plaintiff received as his share the sum of $147,097.50.

On March 15, 1932, plaintiff filed his 1931 income tax return. In this return, he treated the dividends above stated as liquidating dividends of 55 per cent of the shares of the company stock owned by him, and computed the gain by subtracting the cost of 55 per cent of his stock from the amount of the liquidating dividends received. His return showed a tax of $7,047.87. This tax was paid in four equal installments of $1,761.97 each, in the months of March, June, September and December of 1932. In 1933, a field representative of the Internal Revenue Department examined Mr. Mills' 1931 return. His examination disclosed that an additional tax was due. It was assessed and paid. That additional tax had nothing to do with the matter in dispute.

Evidently the examination was not thorough enough to determine that the 55 per cent liquidating dividends received in 1931 were not in complete cancellation and redemption of 55 per cent of the stock, but rather were liquidating dividends upon all of the outstanding stock.

In the years 1932, 1933 and 1934, further liquidating dividends were received by plaintiff from the company. During these years, in his income tax returns, he reported these dividends in the same manner that he did in his 1931 return. He set forth the dividends and deducted therefrom the cost of the percentage of the stock represented by the dividends and thus showed the gain on that portion of the stock. In 1934, upon an examination or audit of plaintiff's tax return for 1932, the field agent found no part of plaintiff's common stock had actually been cancelled or surrendered and that the company had no intention of cancelling its outstanding common stock until the final dividend in liquidation had been paid. This should have been ascertained in the 1933 examination. He held (and rightly) that plaintiff's liquidating dividends as received had to be charged against the cost of all of his stock, and that plaintiff was not required to show any gain until the liquidating dividends exceeded the cost of the whole stock. This change resulted in the wiping out of plaintiff's taxable income and tax liability for 1931 and the increasing of the same for subsequent years. Plaintiff was promptly advised of the change in method of computation, and he almost immediately, and on June 13, 1934, filed a claim for refund of the income tax paid in 1931.

In 1935, after conferences between plaintiff's counsel and representatives of the Revenue Department, a recomputation of the tax liability of plaintiff for the years 1931–1934 was made. As stated before, this resulted in the wiping out of the 1931 tax and substantial increases in tax liabilities for subsequent years. Later, a certificate of overassessment for the year 1931 was issued to plaintiff in the amount of $8,099.76. However, the certificate provided therein that the sum of $1,761.97, the amount paid on March 15, 1932, was barred by the statute of limitations in that Sec. 322 (b) (1) of the Revenue Act of 1928, prohibited refund or credit of amount paid March 15, 1932, under claim of refund filed June 13, 1934. Therefore, the overassessment was reduced to $6,337.79, which amount was credited against additional tax assessments of plain-

tiff for the years 1932–1934. On May 28, 1935, plaintiff accepted this overassessment, but not unreservedly. In his acceptance of proposed overassessment he inserted: "In executing this document and the accompanying forms 870 covering the years 1932, 1933 and 1934, taxpayer does not waive his right to claim that against taxes which may later be assessed against him by the United States he is entitled to a credit of $1,761.97 and interest thereon on account of the first quarterly installment of income taxes paid by him for the year ended December 31, 1931. (See Bull v. United States [295 U. S. 247, 55 S.Ct. 695, 79 L.Ed. 1421], decided Apr. 29, 1935)."

There is no question but that defendant owes plaintiff $1,761.97, with interest thereon from March 15, 1932. The question is can plaintiff, in the face of the statutes above cited, recover. It should, if possible, be answered favorably to plaintiff. While the suit in form is an action at law, it is governed by equitable principles. United States v. Jefferson Electric Mfg. Co., 291 U.S. 386–402, 54 S.Ct. 443, 78 L. Ed. 859. If the facts warrant, the equitable doctrine of recoupment should be applied. I believe that the facts do so warrant. The doctrine of recoupment is not limited to a claim arising directly from the particular contract sued upon. It is sufficient if it arises out of the same subject matter, and that the claims are susceptible of adjustment in one action.

In 1936, plaintiff filed his return for 1935. In this return he computed the liquidating dividend on his stock in accordance with method used upon recomputation of previous returns. The tax liability was much larger than it would have been if computed under the first method. He paid the amount of tax reported, as he had to do, and then filed claim for refund for the amount owing him as above stated. His claim for refund is based upon the theory that he is entitled to recoupment. Evidently, the agent, upon whose report the recoupment was made, thought the doctrine of recoupment a possible defense, for his report states: "Taxpayer has signed agreements for all years which accompany this report. The net result of this refund will ultimately result in a much greater tax liability to the taxpayer. His attorney requests that all years be adjusted at once. With reference to his stipulation (Bull v. United States) noted in the agreement form, it is the examiner's opinion that in any event

the adjustment could only affect the year 1935."

In the case at bar when the C. E. Mills Oil Company in 1930 sold its assets and commenced to liquidate its common stock, plaintiff became liable for a tax on the amount of any and all gain made through liquidation of his stock. He then knew the amount of gain he had to report. The time for reporting said gain was dependent upon payment dates. This liquidation coupled with a mistaken method of computing the gain, used in plaintiff's 1931 return, set in motion a course of events resulting in overassessment in 1931 and underassessment in subsequent years. There is a connection between the taxes paid in 1931 and subsequent years. Each year, including 1935, the tax was based upon gain from one transaction. Had the recomputation been made in time plaintiff could have, through claim of refund, recovered all of the overassessment. Because of time of discovery, defendant virtually said: "Thus far you have overpaid by $1,761.97 your tax on the profits received from liquidation of your stock. From now on you must continue to pay on the profits as received but you cannot have credit for your overpayment." In 1935, the tax on plaintiff's liquidating dividend exceeded the amount owed plaintiff for the overassessment unpaid. Had the Government, in order to obtain the 1935 tax, been compelled to sue, plaintiff could have set up by way of defense its former overpayment, which had been made to satisfy a supposed tax liability on gain made through liquidation of the same stock. Under the law plaintiff had to pay his 1935 tax and then seek refundment. He is entitled to recover. Bull v. United States, 295 U. S. 247, 55 S.Ct. 695, 79 L.Ed. 1421.

I cannot accept defendant's argument that Bull v. United States, supra, can be considered only in cases where erroneous or mistaken exaction was caused by the determination of the Commissioner and never when caused by the honest error of the taxpayer. The United States has money which rightfully belongs to this plaintiff. Retention of this money, regardless of whose error caused the overpayment, is the act the courts have characterized as "against morality and conscience". Moreover, the Internal Revenue Department cannot here escape all responsibility. In 1933 one of its representatives audited taxpayer's 1931 income tax return. Presumably he did his duty as an auditor and examiner. If he did,

then he had before him, or could have had before him, the same information and facts which the examiner in 1934 had while auditing the 1932 return. He approved the 1931 method of computation. Had he changed the method, as the Commissioner later said he should have done, there would have been no question of limitation. Naturally the taxpayer continued method used in 1931. It had been approved. In 1934, too late to file a refund for the full amount, the Department said the method of computation, which once had been approved, was wrong. The result, plaintiff has been injured through the Department's inconsistent determinations.

Plaintiff is entitled to a judgment. Findings may be presented.