DIVISION OF TAX APPEALS.

LEHIGH VALLEY RAILROAD SYSTEM, PETITIONER, v. FRANK E. WALSH, DIRECTOR OF THE DIVISION OF TAXATION, RESPONDENT.

CITY OF JERSEY CITY, PETITIONER, v. FRANK E. WALSH, DIRECTOR OF THE DIVISION OF TAXATION, AND LEHIGH VALLEY RAILROAD SYSTEM, LEHIGH VALLEY RAILROAD COMPANY, LEHIGH VALLEY HARBOR TERMINAL RAILWAY, RESPONDENTS.

Decided May 19, 1947.

For the Lehigh Valley Railroad System, *Collins & Corbin* (*Raymond J. Lamb,* of counsel).

For the City of Jersey City, *Charles A. Rooney (Joseph C. Glavin,* of counsel).

For the State of New Jersey, *Walter D. Van Riper,* Attorney-General, and *Benjamin C. Van Tine* and *Benjamin Taub,* Assistant Attorneys-General.

CONKLIN, COMMISSIONER. The Lehigh Valley Railroad System and the several companies comprising it appealed from the assessment of its property as made by the Director of Taxation for the year 1945 and filed a complaint seeking a reduction. The City of Jersey City filed a complaint seeking an increase in the assessments as made. The Attorney-General defends the assessments as made and asks that this Division affirm the same.

All the issues raised in this case have been raised in the several cases in which opinions have been filed: *Shelton Pitney and Walter H. Gardner, Trustees of the Property of the Central Railroad of New Jersey* v. *Frank E. Walsh, Director of Taxation, Department of Taxation and Finance, 25 N. J. Mis. R.* 196; 51 *Atl. Rep.* (*2d*) 871; *Pennsylvania Railroad System* v. *Walsh,* 53 *Atl. Rep.* (*2d*) 156; *Erie Railroad System* v. *Walsh,* 53 *Atl. Rep.* (*2d*) 155, and *Delaware, Lackawanna and Western Railroad Co.* v. *Walsh,* 53 *Atl. Rep.* (*2d*) 153.

There was no palpable error proven and no proof that the Director of Taxation departed from his statutory duty in valuing and assessing the said property. For these reasons we dismiss the appeals of both the railroad and the City of Jersey City.

At the outset of the hearing on July 18th, 1945, counsel for the railroad made a motion to amend Schedule "A" annexed to the complaint by incorporating therein the Claremont Yard, which is described as land outside of main stem, Claremont Yard at Caven Point, 43.692 acres. It was the intent of the proposed amendment to allege that the assess-

ment of $655,380 at a rate of $15,000 per acre was too high and that the property should be assessed at $8,000 an acre, or $349,536.

President Waesche, who heard the appeal, permitted the petitioner railroad to offer proof as to valuation of the Claremont Yard, subject to the ruling on the amendment by the entire Division. Under *R. S.* 54:29A–31, *et seq.,* a method of appeal from the assessment or reassessment of property made by the Director is provided, but it is specified that the said appeal must be filed on or before the third Monday of May following said assessment or reassessment. If the amendment were allowed, it would in effect permit additional matter to be added to the complaint already filed by the petitioner railroad, which new matter could not possibly be brought after the third Monday of May by an original complaint, as it would be out of time. This motion is dismissed for that reason.

Judgments have been entered in accordance with the foregoing conclusions.