Charles E. STEWART, Executor of the Estate of Crete Stewart Myers, Deceased, Appellant,

v.

OKLAHOMA TAX COMMISSION, Appellee.

No. 44908.

Supreme Court of Oklahoma.

July 2, 1974.

Monnet, Hayes, Bullis, Grubb & Thompson, Oklahoma City, for appellant.

Albert D. Lynn, Gen. Counsel, Oklahoma Tax Commission, Oklahoma City, for appellee.

SIMMS, Justice:

This is an appeal from an order of the Oklahoma Tax Commission denying recovery of an alleged overpayment of estate taxes.

The parties agree that an overpayment of $2,876.25 was made to the Tax Commission. The disagreement arises over whether the taxpayer is barred from recovering the overpayment because he did not file a claim for the refund within thirty days of the Commission's assessment.

The taxpayer, executor of the estate of Crete Stewart Myers, argues that he could not have known he had made an overpayment or in what amount until his Federal Estate Tax liability was finally determined in Federal Court some two and one-half years after the Oklahoma Tax Commission assessment order.

Title 68, O.S.1971, § 804, requires the estate tax due the State of Oklahoma be computed in accordance with 26 U.S.C. 1964 ed., § 2011, wherein the estate is given credit toward payment of its Federal Estate Taxes of 80% of the estate tax paid to the State. Therefore, if the Federal Estate Tax is increased or decreased, there will be a concomitant increase or decrease in State Estate Taxes.

On appeal to Federal Court by the executor of the estate, the Federal Estate Tax liability was reduced by $24,296.00, resulting in a decrease of State tax liability of $2,876.25, which Federal Court action became final on December 23, 1970.

The Oklahoma Tax Commission's assessment order was made on July 30, 1968. The Commission argues a refund claim should have been filed within thirty days of this order under 68 O.S.1971, § 218.

On September 19, 1968, a claim for refund by the estate was filed with the Commission. In the refund claim, the executor alleged the dispute with the IRS and requested that the State refund be withheld pending the disposition of the Federal case. The Oklahoma Tax Commission refused the refund as not being made within thirty days.

On January 15, 1971, or 22 days following finality of the Federal assessment, the executor again filed his claim for refund with the Oklahoma Tax Commission. The Commission argues it is forbidden to refund the overpayment by 68 O.S.1971, §§ 221, 227, and 815. Those statutes require a taxpayer to file any claim for refund within thirty days of the Commission's assess-

ment order or be barred from protesting the order.

The statutory provisions setting the thirty day time limit for claiming a refund assume that a final determination of the amount of tax owed will be made prior to any assessment order being entered by the Tax Commission.

In Vance v. South Carolina Tax Commission, 249 S.C. 214, 153 S.E.2d 841 (1967), suit was brought to recover an overpayment of South Carolina estate taxes which had been paid some five years earlier without protest. The South Carolina estate tax statutes were similar to the Oklahoma tax provisions in question in that both were designed to take advantage of the 80% Federal Estate Tax Credit. Vance had paid his state estate taxes based on an initial determination by the Internal Revenue Service of Federal Estate Taxes owed. The Federal Taxes were contested by the taxpayer in a Federal Court action approximately four years later, which resulted in a refund. Likewise, the amount of state taxes owed were also reduced.

Vance filed a refund claim with the South Carolina Tax Commission based on the final determination of the Federal Estate Tax by the Federal Government. The State Tax Commission denied the refund claim on the grounds that it was not filed within the statutory time after the assessment by the Commission. On appeal, the Court cited the South Carolina statute relating to the computation of the state as:

"The amount of the tax as imposed by § 65–551 shall be computed in full accordance with the Federal Estate Tax law in force at the time of the death of the decedent." 153 S.E.2d, at 843.

That language in the South Carolina statute is similar to 68 O.S. § 804, which provides that the additional estate tax levied to absorb the 80% Federal credit:

". . . shall be and is hereby imposed upon the value of the net estate, as of the date of the determination of such Federal Estate Tax . . ."

In other words, the estate tax due the State is required to be computed in accordance with the Federal Estate Tax Law. Therefore, until the Federal Estate Tax liability is finally determined, the amount owed the State cannot correctly be determined.

Thus, the South Carolina Court held in favor of the taxpayer under facts and statutes strikingly similar to the instant case:

"It is apparent that the Legislature geared the determination of the amount of the State tax to the final computation of the Federal tax. The amount paid by the taxpayer to the State was not made pursuant to a final tax assessment, but was based upon an initial and tentative determination by the Federal authorities, which, known to all parties, was subject to revision in the final determination of the amount of the tax. When the taxpayer timely contested the amount of the Federal tax, he effectively preserved the right to an adjustment of the State tax. This was clearly the legislative intent, for otherwise the amount of the State tax would depend upon the initial determination by the Federal agents, unless in every event the taxpayer paid the State tax under protest, which, as hereinabove pointed out, would be ineffective under our statutes until a final Federal computation. The payment to the State was therefore in the nature of a deposit, held by the State for application against the final amount determined to be due. Under this situation, there was an implied obligation or contract on the part of the State to return any overpayment to the taxpayer."

153 S.E.2d, at 845.

We agree with the holding in the *Vance* case. Moreover, we think it is implicit in 68 O.S. § 804 that any overpayment made by reason of Federal Estate Tax liability not having been finally determined must be repaid to the taxpayer. Otherwise, unnecessary delay in the initial

computation of State taxes would result, or a protest would have to be filed with every State return. We do not believe either was the intended result of the legislature when passing § 804 to take advantage of the Federal Estate Tax credit. Nor do we think the legislature intended to place an additional estate tax on estates of decedents.

It is therefore held that a refund of estate taxes is lawfully due the appellant. The Order of the Oklahoma Tax Commission is hereby reversed with directions to refund the overpayment.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, HODGES, LAVENDER, BARNES and DOOLIN, JJ., concur.