**ESTATE of Olive Millicent KASISHKE, Deceased, Appellant,**

v.

**The OKLAHOMA TAX COMMISSION, Appellee.**

**No. 47353.**

Supreme Court of Oklahoma.

Oct. 7, 1975.

Robert P. Kelly, Bruce W. Gambill, Pawhuska, for appellant.

Lester D. Hoyt, Albert D. Lynn, Oklahoma City, for appellee.

BERRY, Justice:

Commission denied taxpayer's protest against assessment of additional estate taxes and taxpayer's claim for refund of estate taxes previously paid. Taxpayer appeals.

Applicable statutes provide estate tax is due and payable 15 months after decedent's death and require representatives of decedent's estate to file estate tax return within that period. 68 O.S.1971 §§ 806(a) and 815(a).

68 O.S.1971 § 815(b) provides in part as follows:

"Upon receipt of * * * return * * * Commission shall * * * audit * * * same * * * and * * * assess, the tax, together with any interest or penalty * * * and shall * * * notify the * * * executor * * * of such assessment * * * Provided * * * that if upon receipt of such notice * * * executor * * * is dissatisfied with such findings or assessment or any appraisement made by * * * Commission, they shall, within thirty (30) days from the date of mailing of such notice, file with * * * Commission their objection, in writing, specifically setting forth the grounds of their objections, and thereupon the Commission may grant a hearing, and upon such hearing may adjust the matters in controversy and correct the assessment as justice may require."

On June 18, 1963, A. H. Kasishke, Jr., filed estate tax return for decedent's estate and paid $52,781 for tax computed thereon. Commission audited return and issued order assessing tax of $65,663.37. This included the $52,781 previously paid and additional assessment of $12,882.37 based upon taxpayer's alleged improper treatment of three items on return.

Taxpayer, pursuant to § 815, supra, filed timely objections protesting additional assessment. At that time neither party objected to other entries on return computing tax on items not involved in protest to be $52,781.

More than two years later, while original protest was pending before Commission, taxpayer filed amendment to protest and claim for refund. In these documents taxpayer alleged turnpike bonds included on return as taxable assets were exempt from taxation pursuant to 69 O.S.1961 § 664. Taxpayer requested refund of $15,465, that portion of the $52,781 previously paid which was attributable to turnpike bonds.

Taxpayer and Commission's attorneys then agreed to be bound by any ruling this Court might make in *First Nat. B. & T. Co. of Tulsa v. Oklahoma Tax Com'n,* Okl., 447 P.2d 441, which was then pending before this Court. On November 12, 1968, this Court rendered its decision in that case holding turnpike bonds were not taxable assets for purposes of estate tax.

Commission subsequently held hearing on protest and claim for refund. On February 19, 1974, it entered order denying taxpayer's protest. It also rejected taxpayer's claim for refund of taxes paid on turnpike bonds stating claim invoked question which had not occurred to taxpayer until three years after initial return was filed. It de-

termined tax liability to be $63,143.48. This included $52,781 computed on return, plus additional assessment of $10,362.48 for 3 items involved in original protest.

Taxpayer paid $52,781 when return was filed. On appeal it contends actual tax liability is $37,316. It contends Commission erred in assessing additional tax for items involved in original protest and that it is also entitled to refund of the $15,465 paid on turnpike bonds.

Commission contends actual tax liability is $63,143.48. It contends taxpayer did not file timely claim for refund of any portion of the $52,781, and the additional assessment of $10,362.48 for items involved in original protest is proper.

Taxpayer first contends Commission erred in finding claim for refund of tax paid on turnpike bonds was not timely filed.

Section 815, supra, requires objections to assessment order to be filed within 30 days after order is mailed. Taxpayer's protest was timely filed but referred only to the three items involved in additional assessment, and made no reference to turnpike bonds. Taxpayer filed documents raising issue of taxability of turnpike bonds more than two years after the 30 day period expired.

In *Lehigh Valley R. R. System v. Walsh,* 53 A.2d 369, 25 N.J.Misc. 360, the New Jersey Division of Tax Appeals stated:

"If the amendment were allowed, it would in effect permit additional matter to be added to the complaint already filed by the petitioner * * * which new matter could not possibly be brought * * * by an original complaint, as it would be out of time."

We conclude taxpayer's claim for refund and amendment to protest cannot be treated as an amendment to protest which relates back to time original protest was filed.

Taxpayer contends 68 O.S.1971 § 227, is applicable and provides three year statute of limitations for actions to recover taxes erroneously paid. It further contends to construe statutes to provide shorter limitation for estate taxes would constitute unconstitutional discrimination.

At one time § 227, supra, permitted estate taxpayer to obtain refund even though taxpayer had not followed procedures set out in § 815, supra. *Rogers v. Oklahoma Tax Commission,* Okl., 263 P.2d 409.

However, the legislature subsequently amended § 227, supra, to include the following exception:

" * * * this Section shall not apply: * * * (2) to estate tax because the payment of such tax is covered by an order of the Tax Commission and the estate and interested parties are given notice that Commission's position and computation of the tax will become final unless they protest and resist the payment thereof as provided by statute * * *"

The exception clearly states "the provisions of this Section shall not apply * * * to estate tax * * *." When intent of legislature is plainly expressed in a statute, it must be followed without further inquiry. *Special Indemnity Fund v. Harold,* Okl., 398 P.2d 827. We conclude the refund provisions of § 227, supra, are not applicable to estate taxes. We also conclude need to settle estate tax matters with degree of rapidity justifies application of shorter statute of limitations to estate tax matters than is applicable to other tax matters.

Taxpayer further contends claim for refund was filed within the 30 day period provided by § 815, supra.

It contends final determination of Oklahoma estate taxes cannot be made until after final determination of federal taxes is made. In support of this it cites 68 O.S.1971 § 804, which assesses additional tax to take full advantage of certain federal estate tax credits. As result of this statute, any increase or decrease in federal estate tax yields corresponding increase or decrease in state estate tax.

It then argues Commission may not enter assessment order until after final determination of Oklahoma taxes is made. To support this it cites *Stewart v. Oklahoma Tax Commission,* Okl., 524 P.2d 935, wherein we stated that the 30 day time limit specified in § 815, supra, contemplates "a final determination of the amount of tax owed will be made prior to any assessment order being issued by the Tax Commission."

Taxpayer then contends its claim for refund was filed within 30 days after federal tax became final and this was timely because Commission could not have assessed tax until after federal tax became final.

We do not agree. In *Stewart v. Oklahoma Tax Commission,* supra, we recognized that § 815, supra, contemplates final determination of tax prior to assessment order being issued, and that § 804, supra, prevents final determination of tax until after final determination of federal estate tax. We noted that to prohibit Commission from assessing tax until after federal tax became final would create " * * * unnecessary delay in the initial computation of State taxes * * *." We concluded statutes allow Commission to assess state tax prior to final determination of federal tax, but held that 30 day time limit specified in § 815, supra, is not applicable to overpayments made by reason of federal tax liability not being finally determined at time Oklahoma taxes are assessed.

■■ We conclude Commission properly issued its assessment order prior to time federal tax determination became final. Since taxpayer's claim for refund was not filed within the 30 day period specified by § 815, supra, and does not involve taxes assessed under § 804, supra, we conclude the claim was not timely filed. Therefore, taxpayer is not entitled to refund of any portion of the $52,781 paid at time estate tax return was originally filed.

Taxpayer further contends that in event its claim for refund of tax paid on turnpike bonds [approximately $15,000] was not timely filed, it should be entitled to set-off the $15,000 against the additional assessment [approximately $10,000].

The effect of Commission's order is to assess additional taxes for alleged errors on return which favor taxpayer, and to deny taxpayer credit for errors on return which favor Commission and were brought to Commission's attention prior to hearing.

Cases involving similar circumstances apply different rules depending upon whether the taxpayer or the government is attempting to set-off a barred claim.

■ Where taxpayer timely files for refund but statute of limitations bars government's right to make additional assessment, the government may reaudit the return, and challenge any item on return by way of defense in nature of set-off, and taxpayer is only entitled to refund of amount by which tax actually paid exceeds that which should have been paid. *Missouri Pacific R. R. Co. v. U. S.,* 338 F.2d 668, 168 Ct.Cl. 86; *Lewis v. Reynolds,* 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293; *Stone v. White,* 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265. This principle does not allow the government to collect additional tax on assessment which is barred by limitations, but allows it to use barred assessment for purpose of reducing taxpayer's refund claim to zero. *Twitchco, Inc. v. U. S.,* D.C., 348 F.Supp. 330. The reasoning behind rule is that claim for refund is one for money had and received and taxpayer must establish that he has in fact overpaid his taxes. *Missouri Pacific R. R. Co. v. U. S.,* supra. The cited case recognizes the principle operates as a " 'shield' to prevent the unjust enrichment of a taxpayer * * *"

If those cases are applicable here, taxpayer is entitled to set off any item on the return against the additional assessment. However, the cited cases all involve situations where the government's claim was barred by limitations.

■ Where government timely assesses additional taxes, but taxpayer's claim for

refund is barred by limitations, courts generally apply a different rule based upon principles of equitable recoupment. This rule only allows taxpayer to set off taxes previously paid on the same transaction. See *National Biscuit Company v. U. S.,* 156 F.Supp. 916, 140 Ct.Cl. 443; *Mills v. U. S.,* D.C., 35 F.Supp. 738; *Bull v. United States,* 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421.

In *American Motors Corp. v. Wisconsin Dept. of Revenue,* 64 Wis.2d 337, 219 N.W. 2d 300, the court noted this distinction and stated:

> " * * * The differing result derives from the first type of action, i. e., that of the taxpayer for refund, with the taxing authority countering with an assessment, being considered to be an action for money had and received, while the second type of action, i. e., the claim of the taxing authority, countered by the taxpayer's refund claim, is considered from the latter's viewpoint to be a recoupment."

The Commission contends latter cases are applicable here, that each item on the estate tax return is a separate transaction for purposes of equitable recoupment, and that one transaction cannot be set off against another transaction. Taxpayer contends payment of estate tax is a single transaction and any overpayment of estate tax may be set off against Commission's additional assessment.

Even though taxpayer did not timely file for claim of refund of taxes paid on turnpike bonds, it did present issue of taxability of turnpike bonds to Commission a considerable time before hearing was held. Section 815, supra, provides that at the hearing the Commission shall "correct the assessment as justice may require."

■ In light of circumstances presented here, and the express mandate set out in § 815, supra, we conclude the entire estate tax return should be treated as a single transaction for purposes of recoupment. We note *American Motors Corp. v. Wisconsin Dept. of Revenue,* supra, wherein the court considered a similar issue and stated:

> " * * * We see no merit to the result of having different tests apply, depending on whether the government or the taxpayer sues first.
>
> "We see the difficulty and the debate on this point as arising out of the phrase, 'same transaction,' to which recoupment has traditionally been limited. It is true that recoupment has never been 'thought to allow one transaction to be offset against another,' but the question remains what is the 'same transaction' involved in claims for refunds or additional assessments in income tax cases for a single tax period. There is support for the narrower or stricter definition of 'same transaction' as involving only a particular item on a tax return or single event or transaction during the tax period. This limited or narrow definition of a 'single transaction' in an income tax situation was rejected * * * in the *National Cash Register Company Case.* There the * * * court adopted a broader definition, holding that the entire year or tax period constituted the 'transaction' involved. The result of this broader test or definition is that either the state or the taxpayer can counter with a 'stale' claim, meaning one barred by the statute of limitations, so long as the same year or income tax period is involved. We see both equity and equality of treatment of the contending parties served by the *National Cash Register Company Case* approach. * * *"

■ We conclude taxpayer is entitled to set off the tax paid on turnpike bonds against the additional assessment imposed by Commission.

The record indicates tax paid on turnpike bonds exceeds amount of additional assessment. If this is true, it is not necessary to consider the merits of taxpayer's objections to the additional assessment. If the additional assessment is proper, taxpayer is entitled to reduce it to zero by setting

off the tax paid on turnpike bonds, and taxpayer's total tax liability is $52,781. If the additional assessment is erroneous, taxpayer's tax liability is still $52,781 because taxpayer is not entitled to refund of tax paid on turnpike bonds.

The Tax Commission's order is reversed and remanded with directions to allow taxpayer to set off against Commission's additional assessment the tax paid as result of including turnpike bonds on estate tax return as assets of estate.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, IRWIN, LAVENDER, BARNES and DOOLIN, JJ., concur.