CITIES AND TOWNS
Pursuant to 11 O.S. 961.21 [11-961.21] (1971), it is the duty of the city clerk in a statutory council-manager city to see that an obligation owed to the city, or money receivable by the city, is collected. The Attorney General has considered your opinion request wherein you ask the following question: "In the absence of authority not specifically delegated to a city clerk by regulation or code by a statutory council-manager city, is it the statutory duty of the city clerk to see that an obligation owed to the city, or money receivable by the city, is collected and properly deposited?" Title 11 O.S. 961.21 [11-961.21] (1971) provides: "In a statutory council-manager city, there shall be a city clerk, who shall be an officer of the city and who shall be head of the department of finance. He shall be appointed by the city manager for an indefinite term. He shall collect or receive all revenue and other money receivable by the city, and shall deposit the same daily with the city treasurer or for the city treasurer in an account or accounts maintained by the city treasurer in a depository or depositories. The city clerk shall maintain a general accounting system for the city government." Emphasis Added When the intent of the Legislature is plainly expressed, there is no room for construction. Johnson v. Ward, 541 P.2d 182 (Okl. 1975). It must be followed without further inquiry. Estate of Kasishke v. Oklahoma Tax Commission, 541 P.2d 848 (Okl. 1975). The object of construing a statute is to ascertain the intent of the Legislature. Becknell v. State Industrial Court, Okl., 512 P.2d 1180, 1183 (1973). It is also a general rule of statutory construction that where the word "shall" appears in the provisions of a statute, it is generally construed to be mandatory. In Barnes v. Transok Pipeline Company, Okl., 549 P.2d 819 (1976)j the Oklahoma Supreme Court said: "In construction of statutes the word "shall" is usually given its common meaning of "must" and interpreted as implying a command or mandate depending upon the construction of the statute as a whole and the intentions of the Legislature. State v. Hunt, Okl.,286 P.2d 1088 (1955); and Oklahoma Alcoholic Beverage Control Bd. v. Moss, Okl., 509 P.2d 666 (1973)." See also Oldham v. Drummond Board of Education of Ind. School District I-85 et al., Okl. 542 P.2d 1309 (1975); Eason Oil Company v. Corporation Commission, Okl., 535 P.2d 283 (1975). A plain reading of 11 O.S. 961.21 [11-961.21] reveals that it is the intention of the Legislature that the city clerk, of a statutory council-manager city, be charged with the responsibility of initiating procedures to make certain that the city recovers the obligations due and owing it. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Pursuant to 11 O.S. 961.21 [11-961.21] (1971), it is the duty of the city clerk in a statutory council-manager city to see that an obligation owed to the city, or money receivable by the city, is collected. (MICHAEL CAUTHRON)