In the Matter of the Request of PHILLIPS PETROLEUM COMPANY for an Extension of time in which to protest Proposed Gross Production Tax Assessments Issued on the 4th and 6th Days of April, 1979.

No. 54209.

Supreme Court of Oklahoma.

Oct. 5, 1982.

Kenneth Heady, R.Y. Bandy, Jr., Stephen R. Johnson, Bartlesville, Galen E. Ward, Gary R. Proctor, Oklahoma City, for appellant.

Donna Cox, Oklahoma City, for Tax Commission.

BARNES, Vice Chief Justice:

This matter presents the question of whether the Oklahoma Tax Commission has the authority to extend beyond thirty (30) days the time within which a taxpayer may file a protest of taxes under 68 O.S.1971 § 221 if no action is taken to extend the protest period within thirty (30) days following the issuance of a proposed assessment. We hold that the Oklahoma Tax Commission is without such authority under the facts of this case; that the tax assessment in this case is final and absolute; and therefore that the order of the Oklahoma Tax Commission dismissing Phillips' protest is affirmed.

The facts of the case are not in dispute. On April 4th and 6th, 1979, the Oklahoma Tax Commission issued and mailed two proposed tax assessments against Phillips Petroleum Company as a result of a field audit for the years 1976 through 1978. The assessments, consisting of additional production tax and excise tax, amounted to $153,936.24 plus interest and penalties. Both letters of the Commission which notified Phillips of proposed assessments stated that any protest should be made under the provision of 68 O.S.1971 § 221. Section 221(e) states that if a taxpayer fails to protest within thirty (30) days of the mailing of the proposed assessment, the assessment will become final and absolute without further action of the Tax Commission. Although no request for an extension was made during the thirty (30) day limitation in this case, on days 41 and 43, respectively, the Commission received a letter from Phillips requesting a sixty (60) day extension. The Commission responded that the assessment had become final and absolute by statutory operation of 68 O.S.1971 § 221(e), and that they were without authority to extend the protest period. Phillips argues that paragraph (f) of § 221 authorizes the Commission, under its own discretion, to extend the filing period to ninety (90) days, at any time, even thirty (30) days after the mailing of the assessment, and that it was an abuse of discretion for the Commission to refuse to do so.

■ We find that Phillips contention is without merit. The pertinent part of § 221 is as follows:

(e) If the taxpayer fails to file a written protest within the thirty-day period herein provided for or within the period as extended by the Commission, then the proposed assessment, without further action of the Tax Commission, shall become final and absolute at the expiration of thirty (30) days from the date same is mailed to the taxpayer or at the expiration of the period as extended by the Tax Commission. (f) The Tax Commission may in its discretion extend the time for filing a protest for any period of time not to exceed an additional ninety (90) days.

A clear reading of the statute indicates that any protest against a tax assessment must be made within thirty (30) days from the mailing date or the assessment becomes final and absolute. In the case at bar, Phillips made no communication, informal or otherwise, with the Oklahoma Tax Commission within the thirty (30) day limitation. By operation of the statute the assessment became final after the 30th day of silence by Phillips.

Unquestionably, the legislative intent is the controlling element in the judicial interpretation of statutes. But if the statutes contain no inconsistent provisions, no ambiguities, or uncertainties, no occasion exists for the application of rules of construction and the statutes will be accorded the meaning as expressed by the language therein employed. *In re: Assessment of Champlin Refining Co.,* 186 Okl. 625, 99 P.2d 880 (1940). Paragraph (e) of § 221 is clear and unambiguous and we see no room for interpretation. The interpretation proposed by Phillips would render the time limitation imposed by paragraph (e) meaningless. If the Commission were allowed to extend the protest period without regard to the thirty (30) day limitation, as suggested by Phillips, there would be no need for the legislatively imposed thirty (30) day limitation. The language of paragraph (e) which refers to an extension by the Commission only serves to clarify the fact that the protest filing period is not limited to thirty (30) days *when it has been extended by the Commission*, either upon request or on its own discretion. But certainly when an extension has been neither requested or granted, the hypothetical extension plays no relevant part in calculating the thirty (30) day protest period. We are bound by the clear plain language of the statute, which is susceptible to but one construction. *Estate of Kasishke v. Oklahoma Tax Commission, 541 P.2d 848 (Okl.1975).* The Commission is similarly bound and must proceed strictly within the provision of the tax laws. *Price v. Mahoney, 175 Okl. 355, 53 P.2d 257 (1935).* Section 221(e) required Phillips to preserve its administrative remedy within the thirty (30) day limitation by either giving notice of protest or requesting an extension. Phillips failed to take either action, and both the Commission and this Court are powerless to transform an assessment which has become final and absolute by mandate of the legislature into anything less than final. The orders of the Oklahoma Tax Commission dismissing the protest are affirmed.

All the Justices concur.