Dear Mr. Ware,
The Attorney General has received your request for an official opinion, asking:
 "May the Board of Trustees of the Oklahoma Teachers' Retirement System adopt an administrative rule providing that in-service members of the System are not eligible for the death benefits coverage outlined in 70 O.S. 17-105(11) (1982) until after having accrued at least one (1) full year of membership?"
The Oklahoma Teachers' Retirement System was established by the Legislature for the express purpose of providing retirement allowances and other benefits to qualified teachers and other related employees and officials. 70 O.S. 17-102 (1981). As part of the package of benefits afforded members of the System under current law, a death benefit of Eighteen Thousand Dollars ($18,000.00) is provided for, in certain circumstances, by 70 O.S. 17-105(11) (1984). 70 O.S. 17-105(11) provides:
 "Upon the death of an in-service member, the system shall pay to the designated beneficiary of the member or, if there is no designated beneficiary or if the designated beneficiary predeceases the member, to the estate of the member, the sum of Eighteen Thousand Dollars ($18,000.00) as a death benefit. Provided, if the deceased member had thirty (30) years or more of creditable service after June 30, 1981, a surviving spouse may elect to receive the retirement benefit to which the deceased member would have been entitled at the time of death under the Option 2 plan of retirement in lieu of the death benefit provided for in this subsection."
This provision is already limited to "in-service members," thereby excluding retirants from the System. You inquire whether the System's Board of Trustees may further restrict eligibility for this coverage to those in-service members who have completed at least a full year of credited service, hence denying coverage for such persons who have not yet completed a year of credited service.
The basic principle concerning the power of an administrative board to adopt rules and regulations was expressed by the Oklahoma Supreme Court in W.S. Dickey Clay Mfg. Co. v. Ferguson Inv. Co., 388 P.2d 300 (Okla. 1963), thusly:
 "It is essential to the validity of administrative rules and regulations that the agency making the same be fully authorized to do so either by statutory provision or by implication."
In this regard, agencies may not, by rule making, exceed the scope of their statutory authority. See, Adams v. Professional Practices Comm.,524 P.2d 932 (Okla. 1974). Similarly, rules must be promulgated in aid of and not in the derogation of legislative purposes. Application of StateBd. of Medical Examiners, 206 P.2d 211 (Okla. 1949).
Under the plain language employed in the first phrase of 70 O.S.17-105(11), the obligation of the Board to pay the death benefit provided for is triggered "[u]pon the death of an in-service member[.]" No other limitation or qualification is authorized or contemplated. If a statute contains no inconsistent provision, no ambiguities, or uncertainties, no occasion exists for the application of rules of construction and the statute will be accorded a meaning as expressed by the language therein employed. Matter of Phillips Petroleum Co., 652 P.2d 283 (Okla. 1982).
It is, therefore, the official opinion of the Attorney General that theBoard of Trustees of the Teachers' Retirement System does not haveauthority to adopt an administrative rule providing that in-servicemembers of the System are not eligible for the death benefits coverageoutlined in 70 O.S. 17-105(11) (1984) until completion of at least one(1) full year of membership in the System.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
MICHAEL SCOTT FERN, ASSISTANT ATTORNEY GENERAL