Dear Lt. Rushing,
The Attorney General has received your request for an official opinion asking, in effect:
 1. Does a "leave of absence" as that term is used in 47 O.S. 2-307 (1981), include paid leave such as sick leave or annual leave?
 2. Must a member of the Oklahoma Law Enforcement Retirement System continue retirement contributions during a leave of absence in order for this period of time to be counted toward retirement for length of service?
Under the Oklahoma Law Enforcement Retirement System (OLERS), 47 O.S.2-300 et seq. (1981), retirement benefits are based, in part, on the number of years a member of OLERS is employed, which are called years of "credited service." The term "credited service" for purposes of the Law Enforcement Retirement System Act is defined, in pertinent part, as follows:
 "`Credited service' means the period of service used to determine the amount of benefits payable to a member. Credited service shall consist of the period during which the member participated in the System or the predecessor Plan as an active employee in an eligible membership classification[.]" 47 O.S. 2-300(9) (1984). (Emphasis added).
Under certain circumstances, a member of OLERS can be on a "leave of absence" and still count this time period towards years of credited service. These "leaves of absence" are dealt with specifically under 47O.S. 2-307 (1981) which provides as follows:
 "(a) In the event a member of the System obtains a leave of absence, of not to exceed ninety (90) days at any one time, because of injury or illness or for any personal reason other than the acceptance of other employment, his membership in the System shall not terminate and the period of such leave shall be counted toward retirement for length of service if, during such leave of absence or at the end thereof, he shall pay to the fund an amount equal to the contributions which would have been deducted from his salary during such period if such leave of absence had not been obtained, but if such contributions are not paid during such leave or made up within thirty (30) days after the end of such leave, or if such leave of absence extends for more than ninety (90) days at any one time, the period of such leave shall not be counted toward length of service for retirement nor in computing the amount of any pension or any retirement pay or any other benefits hereunder."
Your initial question asks whether paid leave in the form of sick leave or annual leave is included within the phrase "leave of absence." This phrase is not defined in the OLERS statutes. However, when a phrase is defined in one statute, the definition is applicable to the same phrase whenever it occurs unless a contrary intention is apparent. 25 O.S. 2
(1981); Braniff v. Coffield, 190 P.2d 815 (Okla. 1947). "Leave of absence" is defined in the statutes creating the Oklahoma Public Employees Retirement System. 74 O.S. 1981, 901 et seq. Title 74 O.S.902(21) (1984) provides as follows:
 "`Leave of absence' means a period of absence from employment without pay, authorized and approved by the employer and acknowledged to the Board, and which after the effective date does not exceed one (1) year[.]"
This statutory definition is consistent with case law as well. In Goodyear Tire Rubber Company v. Employment Security Board ofReview, 469 P.2d 263 (Kan. 1970), the Kansas Supreme Court held as follows:
 "`Leave of absence' is not a complete separation from employment, although it implies some voluntary act on the part of the employee. It denotes a continuity of the employment status-a temporary absence from duty, with intention to return-during which time performance of the duties of his work by the employee and remuneration by the employer are suspended. (See, Chenault v. Otis Engineering Corp., Tex. Civ. App. 423 S.W.2d 377; Black's Law Dictionary [Rev.4th Ed.] p. 1036.)" 469 P.2d at 268.
No matter what precise definition is employed, the two essential elements of a "leave of absence" are (1) a temporary absence from employment, (2) without compensation. It is clear that a "leave of absence" under 47 O.S. 2-307 (1981), does not include paid leave such as annual leave and sick leave.
Your second question asks whether the member must continue retire ment contributions during a leave of absence in order to count this time towards credited service. The answer to this question is clear. According to the precise language of the statute, a member who obtains a leave of absence of less than ninety (90) consecutive days will have such leave period counted toward retirement if:
 "during such leave of absence or at the end thereof, he shall pay to the fund an amount equal to the contributions which would have been deducted from his salary during such period if such leave of absence had not been obtained[.]" 47 O.S. 2-307(a) (1981).
Where the words of a statute are clear and unambiguous there is no room for statutory construction. In re Phillips Petroleum Company, 652 P.2d 283
(Okla. 1982). The employee must pay his normal retirement contributions during, or immediately after, a leave of absence to receive credit for this time period toward his retirement.
It is, therefore, the official opinion of the Attorney Generalthat:
 1. The term "leave of absence" as it is used in 47 O.S. 2-307(a) (1981) does not include time off from work by a member of the Oklahoma Law Enforcement Retirement System taken as paid leave such as annual leave or sick leave.
 2. In order for a member of the Oklahoma Law Enforcement Retirement System to obtain credit toward retirement for a leave of absence not greater than ninety (90) consecutive days, the member must continue to pay his normal retirement contributions to the fund either during the leave of absence, or the total of such amount within thirty (30) days after the end of the leave of absence, pursuant to 47 O.S. 2-307(a) (1981).
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
THOMAS L. SPENCER, ASSISTANT ATTORNEY GENERAL