Dear Mr. Boyd,
The Attorney General has received your request for an official opinion asking, in effect:
 Under the provisions of 3A O.S. 203.3(C)(3) (1984) and 74 O.S. 150.5(D) (1984), may the Director of Law Enforcement for the Oklahoma Horse Racing Commission legally report to the Commission the content of licensure investigative reports provided at the request of the Commission's law enforcement division by the Oklahoma State Bureau of Investigation?
Under the provisions of the Oklahoma Horse Racing Act, 3A O.S. 200 et seq. (1984), the Oklahoma Horse Racing Commission is vested with overall supervision and administration of organized horse racing activities in the State. 3A O.S. 201, 3A O.S. 203.7, 3A O.S. 204 (1984). The Commission is specifically charged with supervision of all organization license applicants and may also make investigations to determine the suitability of applicants for licensure. 3A O.S. 203.3(C), 3A O.S. 204(A)(1)(b) (1984).
Relative to these duties, the Commission is required to provide for an internal agency law enforcement division as follows:
 "C. 1. The organizational plan adopted by the Commission shall provide for a law enforcement division which shall have the responsibility for conducting investigations relating to the proper conduct of horse racing and the pari-mutuel system of wagering including but not limited to barring undesirables from horse racing, undercover investigations, fingerprinting persons licensed by the Commission, and reviewing license applications. The person in charge of the law enforcement division shall be a professional law enforcement officer with a minimum of five (5) years of experience in the field of law enforcement and a graduate of a four-year college with a degree in law enforcement administration, law, criminology or a related science, or in lieu thereof a minimum of ten (10) years of experience in the field of law enforcement.
 "2. The officers and agents of the law enforcement division of the Commission, and such other employees as the person in charge of said division shall designate to perform duties in the investigation and prevention of crime and the enforcement of the criminal laws of the state, shall have and exercise all the powers and authority of peace officers, including the right and power of search and seizure.
 "3. The Oklahoma State Bureau of Investigation shall provide such information within its possession as is requested by the law enforcement division of the Commission for the purpose of reviewing license applications." 3A O.S. 203.3 (1984).
Under this unique format, the Legislature has mandated that the Law Enforcement Division, headed by its Director, be ultimately responsible for licensure investigations for the Commission. Indeed, the Legislature has specifically decreed that this Division be the entity from which requests for State Bureau of Investigation reports are germinated.
Your question focuses upon the language of subsection (3), above, and its interaction with a general statute governing dissemination of reports generated by the State Bureau of Investigation, 74 O.S. 150.5(D) (1984). That section states:
 "All records relating to any investigation being conducted by the Bureau shall be confidential and shall not be open to the public or to the Commission except as provided in 74 O.S. 150.4 of this title. Any unauthorized disclosure of any information contained in the confidential files of the Bureau shall be a misdemeanor. The person or entity authorized to initiate investigations in this section shall receive a report of the results of the requested investigation. The person or entity requesting the investigation may give that information only to the appropriate prosecutorial officer or agency having statutory authority in the matter if that action appears proper from the information contained in the report, and shall not reveal or give such information to any other person or agency. Violation hereof shall be deemed willful neglect of duty and shall be grounds for removal from office.'' (Emphasis added).
[74 O.S. 150.4, referred to above, deals with the ability of the Oklahoma State Bureau of Investigation Commission to have access to investigative files, and is not germane to responding to your question.]
You ask if the director of the Commission's law enforcement division may report to the Commission concerning the contents of OSBI reports, in light of the language of 74 O.S. 150.5(D) (1984).
Under the plain language of 74 O.S. 150.5(D), above, the person instituting an investigation by the OSBI is clearly authorized to give that information to the "agency having statutory authority in the matter" or to "the appropriate prosecutorial officer'' if that action appearsproper from the information contained in the report. Where a statute contains no inconsistent provision, no ambiguities, or uncertainties, no occasion exists for the application of rules of construction, and the statute will be accorded a meaning as expressed by the language therein.Matter of Phillips Petroleum Co., 652 P.2d 283 (Okla. 1982).
Under 3A O.S. 203.3(C)(3) (1984), OSBI investigations may be requested by the Commission's law enforcement division "for the purpose of reviewing license applications." Final decisions regarding any such application, in turn, rest with the Commission, itself. Clearly, then, the Commission has "statutory authority in the matter" as contemplated by 74O.S. 150.5(D) (1984).
Whether any particular investigative report tendered to the Commission's law enforcement division may be given to the Commission, itself, is limited by the language of 74 O.S. 150.5(D) (1984) to situations where "that action appears proper from the information contained in the report." Determinations of the propriety of disclosure, therefore, must be made by the Law Enforcement Director on a case by case basis, dependent in each instance upon the facts unique to each application.
It is, therefore, the official opinion of the Attorney General that,under the provisions of 3A O.S. 203.3(C)(3) (1984) and 74 O.S. 150.5(D)(1984), the Director of Law Enforcement for the Oklahoma Horse RacingCommission may legally report to the Commission the content of licensureinvestigative reports provided at the request of the Commission's lawenforcement division by the Oklahoma State Bureau of Investigation ifthat action appears proper from the information contained in the report.Whether such disclosure is proper in any case is a factual determinationthat must be made by the Law Enforcement Director upon the circumstancesunique to each instance.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
MICHAEL SCOTT FERN, ASSISTANT ATTORNEY GENERAL DEPUTY CHIEF, TORT CLAIMS DIVISION