Dear Representative Hamilton,
¶ 0 This office has received your letter requesting an official Opinion addressing, in effect, the following question:
 Does a psychotherapist who has reason to believe a child has been injured as a result of abuse or neglect, either current or historical, have any discretion in whether to report such information?
¶ 1 Your inquiry specifically references the child abuse mandatory reporting statute, 21 O.S.Supp. 1994, § 846[21-846]. Section 846 provides in pertinent part:
A. 1. Every:
 a. physician or surgeon, including doctors of medicine and dentistry, licensed osteopathic physicians, residents and interns, examining, attending or treating a child under the age of eighteen (18) years,
 b. registered nurse examining, attending or treating such a child in the absence of a physician or surgeon,
 c. teacher of any child under the age of eighteen (18) years, and
d. other person
 having reason to believe that a child under the age of eighteen (18) years has had physical injury or injuries inflicted upon the child by other than accidental means where the injury appears to have been caused as a result of physical abuse, sexual abuse, or neglect, shall report the matter promptly to the county office of the Department of Human Services in the county wherein the suspected injury occurred.
. . . .
 B. It shall be a misdemeanor for any person to knowingly and willfully fail to promptly report any incident as provided in this section.
21 O.S.Supp. 1994, § 846[21-846].
¶ 2 For purposes of this opinion, the term "psychotherapist" embraces all forms of professional therapy providers, including but not limited to psychologists, social workers, psychiatrists, licensed professional counselors, and licensed marital and family therapists. With regard to your question, an individual's particular profession will not affect the answer because the above mandatory reporting statute is applicable to all individuals, professionals and non-professionals.[1]
However, for simplicity, the terms "provider of psychotherapy" and "psychotherapist" will be used in this opinion to include all professional therapy providers.
¶ 3 In order to answer your question, it must be determined if an individual must report knowledge or suspicion of child abuse in every instance, even if such information is historical. Section 846 plainly states that any person having reason to believe a child has been physically injured as a result of abuse or neglect "shall report the matter promptly" with no exceptions. Ordinarily, the use of the word "shall" in a legislative enactment carries with it the presumption that the direction is mandatory. Oklahoma Alcoholic Beverage ControlBoard v. Moss, 509 P.2d 666, 668 (Okla. 1973); State v. Hunt,286 P.2d 1088, 1090 (Okla. 1955). This presumption is not conclusive, however, and mandatory construction of the word "shall" in a statute is conditioned upon finding that there is no contrary legislative intent. Application of Proposed 1st CityBank of Healdton, 735 P.2d 350 (Okla.Ct.App. 1987). Thus, the legislative intent must be determined in order to ascertain if it is contrary to the interpretation that an individual is obligated to report a belief of child abuse in all instances.
¶ 4 The legislative intent is ascertained by considering the language of the statute as a whole in light of its general purpose. Wood v. Independent School District No. 141 ofPottawatomie County, 661 P.2d 892 (Okla. 1983). The intent of the legislation is clearly set forth in Section 845 of Title 21 which states as follows:
 It is the policy of this state to provide for the protection of children who have had physical injury inflicted upon them and who, in the absence of appropriate reports concerning their condition and circumstances, may be further threatened by the conduct of persons responsible for the care and protection of such children.
21 O.S.Supp. 1994, § 845[21-845](A).
¶ 5 The policy to protect victims of child abuse who may be further threatened supports the requirement in Section 846 that anyone with credible child abuse information must report such information in all instances. Legislative intent is the controlling element in judicial interpretation of statutes, but if statutes contain no inconsistent provision, no ambiguities or uncertainties, no occasion exists for application of rules of construction and statutes will be accorded meaning as expressed by language therein employed. Matter of Phillips Petroleum Co.,652 P.2d 283 (Okla. 1982). Thus, the plain meaning of Section 846 will control and anyone with child abuse information is required to report that information, whether such information is current or historical. In fact, a person who knowingly and willfully fails to report child abuse information is guilty of a misdemeanor.
¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Pursuant to 21 O.S.Supp. 1994, § 846[21-846], any person, including a psychotherapist,[2] who has reason to believe a child has been injured as a result of abuse or neglect must report such information, whether the information be current or historical.
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 JULIE A. KRAMER ASSISTANT ATTORNEY GENERAL
[1] Professional psychotherapy providers are subject to certain confidentiality requirements regarding information acquired in their professional capacity. However, the statutory confidentiality requirements for licensed psychotherapists reviewed for this opinion provide for disclosure of confidential information when otherwise required by law or when such information pertains to criminal acts or violations of any law.See, e.g., 59 O.S. 1991 §§ 1261.6[59-1261.6], 1376, 1910 and 1925.11.
[2] For purposes of this opinion, "psychotherapist" embraces all forms of professional therapy providers, including but not limited to psychologists, social workers, psychiatrists, licensed professional counselors, and licensed marital and family therapists.