Dear Representatives Erwin
¶ 0 This office has received your request for an official Opinion asking, in effect, the following questions:
 1. Do the exceptions contained in 47 O.S.Supp. 1995, § 14-109(E)(2) dealing with vehicle weight limits, apply to the weight limitations contained in subsection A(1) of the above statute?
 2. If the answer to the above question is in the affirmative, should such interpretation by the Department of Public Safety have been implemented pursuant to the Administrative Procedures Act, and, if so, does the fact the agency failed to promulgate rules to that effect nullify any citations issued on vehicles based on this interpretation until rules are properly promulgated?
 I.
¶ 1 Your first question deals with the statutorily prescribed weight limits for vehicles that travel on the roads and highways of the state. The statutes provide that:
On any road or highway:
 1. No single axle weight shall exceed twenty thousand (20,000) pounds; and
 2. The total gross weight in pounds imposed thereon by a vehicle or combination of vehicles shall not exceed the value given in the following table corresponding to the distance in feet between the extreme axles of the group measured longitudinally to the nearest foot.
47 O.S.Supp. 1995, § 14-109[47-14-109](A).
¶ 2 A table derived from applying the formula set out in23 U.S.C. § 127(a) follows. The table designates the maximum load in pounds that can be carried on any group of two or more consecutive axles.
¶ 3 Subsection E creates exceptions to subsection A by stating in pertinent part:
Exceptions to this section will be:
 2. Vehicles transporting timber, pulpwood and chips in their natural state, and vehicles transporting grain from the field to the elevator, if the following conditions are met:
 a. the vehicles are registered for the maximum allowable rate,
 b. the vehicles do not exceed five percent (5%) of the gross limits set forth in subsection A of this section, and
 c. the vehicles operating pursuant to the provisions of this paragraph will not be allowed to operate on the National System of Interstate and Defense Highways.
47 O.S.Supp. 1995, § 14-109[47-14-109](E).
¶ 4 A review of Sections A and E above indicates a clear statutory scheme by the Legislature. "[I]f the statutes contain no inconsistent provisions, no ambiguities, or uncertainties, no occasion exists [to apply the] rules of construction and the statutes will be accorded the meaning as expressed by the language employed." Matter of Phillips Petroleum Company,652 P.2d 283, 285 (Okla. 1982); see also Jackson v. IndependentSchool District No. 16, 648 P.2d 26, 29 (Okla. 1982).
¶ 5 Subsection E of 47 O.S.Supp. 1995, § 14-109[47-14-109] clearly exempts vehicles transporting timber, pulpwood and chips in their natural state as well as vehicles transporting grain from the field to an elevator from all of Section 14-109 if three conditions are met: (1) they are registered for the maximum allowable rate, (2) they do not exceed five percent of the gross limits set out in subsection A and (3) they will not be operated on the National System of Interstate and Defense Highways.
¶ 6 The language used is not ambiguous, not uncertain and not inconsistent with the provisions of the act. The statute clearly requires that in order to be exempt the single axle weight cannot exceed five percent of the weight in subsection A(1) nor can the total gross weight exceed five percent of weight set out in the table contained in subsection A(2). Had the Legislature intended that five percent limitation apply only to the axle weight contained in subsection A(2) it could have so specified.
¶ 7 If one interprets the statutory exemption to only apply to the weights set out in subsection A(2), there would be no weight limit on a single axle. A tandem axle, however, would be limited to the table value, plus an additional five percent. Thus, in a given case, it would be legal to have 50,000 pounds on a single axle but unlawful to have 40,000 pounds on the tandem axles of the same vehicle. In construing a statute, "[t]he Legislature will not be presumed to have intended an absurd result, and a statute should be given a sensible construction." AMF TubescopeCompany v. Hatchel, 547 P.2d 374, 379 (Okla. 1976).
¶ 8 Therefore, it is clear that in order to meet the statutory exemption set out in 47 O.S.Supp. 1995, § 14-109[47-14-109](E), the vehicle must be within the weight limits set out in both subsections A(1) and A(2) plus the additional five percent.
 II.
¶ 9 Your second question is whether the above interpretation should have been implemented by rules pursuant to the Administrative Procedures Act (75 O.S. 1991 and Supp. 1995, §§250-323). It should be noted that a violation of 47 O.S.Supp.1995, § 14-109[47-14-109] constitutes a misdemeanor. See 47 O.S.Supp.1995, § 14-101[47-14-101](A).
¶ 10 In addition, 75 O.S. 1991, § 306[75-306](C)(1) provides that the agency has the burden to show it has the authority to promulgate its rules. It may be necessary for agencies to adopt rules of procedure as to matters coming under its jurisdiction, this "does not include authority to make rules which extend its powers beyond those granted by statutes." Adams v. ProfessionalPractices Commission, 524 P.2d 932, 934 (Okla. 1974).
¶ 11 When considering whether a State action should be considered in the nature of a rule, attention must be directed "to its impact or effect. It is the legislative or regulatorycharacter of the challenged state action, rather than the nature of the state agency performing the act" that determines whether rulemaking is possible. Grand River Dam Authority v.State, 645 P.2d 1011, 1016 (Okla. 1982). As mentioned above, all size and weight violations are misdemeanors. A citation issued for an over weight violation is not a matter that should be decided by an administrative forum, but is properly reserved to the district attorney's office and the courts for disposition. Only those officers could determine the validity of the citation.
¶ 12 Based on the above, it would not be possible for the agency charged with enforcing 47 O.S.Supp. 1995, § 14-109[47-14-109] to promulgate rules interpreting the statute under the Administrative Procedures Act (75 O.S. 1991 and Supp. 1995, §§250-323).
¶ 13 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. In order for a vehicle to meet the statutory exemption of 47 O.S.Supp. 1995, § 14-109[47-14-109] the vehicle must meet the weight requirements, plus five percent (5%), of both subsections A(1) and A(2).
 2. An agency's interpretation of the requirements of 47 O.S.Supp. 1995, § 14-109[47-14-109] is not subject to the rulemaking procedures of the Administrative Procedures Act because the agency is not vested with such authority as required by 75 O.S. 1991, § 306(C)(1).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
ROSS N. JOHNSON ASSISTANT ATTORNEY GENERAL