### J. P. QUELCH ET AL. v. D. K. FUTCH.

(Filed 24 October, 1917.)

**Limitations of Actions—Nonsuit—Statutes.**

> In action to recover lands wherein the plaintiff depends upon a nonsuit in a former action to repel the bar of the statute of limitations, Revisal, sec. 370, it is necessary for him to bring himself within the meaning of the statute and show identity of parties, cause of action, and title, or that he is the "heir at law or representative" of the former plaintiff, the second action being regarded as a continuance of the writ in the first one; and it is insufficient if the plaintiff in the second action was a grantee of the plaintiff in the first one before the latter commenced his action.

APPEAL by plaintiff from *Lyon, J.,* at the Spring Term, 1917, of NEW HANOVER.

This is an action to recover land.

During the progress of the trial the plaintiffs offered in evidence the summons, complaint, answer, and judgment of nonsuit in a case begun on the ........ day of ................, 191...., by Thomas R Williams against the defendant herein, D. K. Futch, seeking to recover for himself the property in controversy in this action. At the trial of that action the plaintiff suffered a nonsuit, and this action was begun by J. P. Quelch in less than twelve months thereafter. At the time that Thomas R. Williams instituted the suit referred to, he had made deeds referred to in the record herein, and J. P. Quelch had his deed and was living on the tract described by metes and bounds in the deed from Thomas R. Williams to R. L. Kirkwood, assignee.

At the conclusion of the evidence the plaintiff prayed the court to charge the jury with reference to defendant's plea of adverse possession under color, and more especially with regard to the tract of 18½ acres claimed by deed under deed from Worth, that the statute of limitations ceased to run on the date of the institution of the suit by Thomas R. Williams v. D. K. Futch. His Honor refused to so charge the jury, and charged the jury "that the date when the statute of limitations ceased to run in defendant's favor was the date of the institution of this action on the ........ day of ................, 191.....," and the plaintiffs excepted.

From the judgment rendered plaintiffs appealed.

*Kenan & Wright and McClammy & Burgwyn for plaintiff.*
*John D. Bellamy & Son, W. P. Gafford, and E. K. Bryan for defendant.*

ALLEN, J.   The only question presented by the appeal is whether the plaintiff has brought himself within section 370 of the Revisal, so that he may have the benefit of the action instituted by Thomas R. Williams against the defendant to defeat the claim of adverse possession.

The statute provides, in substance, that if a judgment of nonsuit, etc., is entered in a pending action, "the plaintiff, or if he die and the cause of action survive, his heir or representative, may commence a new action within one year after such nonsuit," and its effect, when its terms are complied with, is to cause the new action to relate back to the commencement of the first action, and to stop the running of the statute of limitations at that time.

It is clear that the plaintiff does not come within the language of the statute, because he was not the plaintiff in the former action, and it does not appear that Williams, who was plaintiff, is dead, or that the present plaintiff is his heir or representative. Nor is he within the equity and spirit of the statute, which is based upon substantial identity of parties, cause of action, and title, and because of these the two actions are treated as one, and the second action as a continuance of the writ in the first.

"The two suits must, it is said, be for substantially the same causes and the parties in each suit identical." 17 R. C. L., 814; *Hughes v. Brown,* 88 Tenn., 578. "The object is to preserve the right of any person having it at the time of instituting an action on his title." *Long v. Orrell,* 35 N. C., 129.

The second action must be "based upon the same cause of action and title." *Martin v. Young,* 85 N. C., 158.

These conditions do not exist in the present action, as Williams, the plaintiff in the former action, had executed the deeds under which the

plaintiff in this action claims, before his action was instituted, and he could not therefore be claiming by the same title as the present plaintiff.

No error.