## CREGER v. BROOKS.

No. 10774—Opinion Filed Feb. 6, 1923.

Rehearing Denied April 3, 1923.

(Syllabus.)

### 1. Statutes—Construction—Conflicts.

There is no conflict between different provisions of a statute if there is a reasonable meaning of the words used, considering the manner of their use, which will bring them into harmony.

### 2. Evidence—Testimony at Former Trial.

The transcript of the evidence of a witness in a will contest case before the county court is admissible in evidence in the district court on appeal, where the same was prepared and preserved in pursuance of the provisions of sec. 1792, Rev. Laws 1910.

### 3. Appeal and Error—Generality of Assignments.

There is no merit in the contention made by counsel that the assignment of error is not sufficient on account of its generality to present for review the question just passed upon.

Error from District Court, Lincoln County; Hal Johnson, Judge.

In the matter of the probate of the purported holographic will of M. Creger, deceased. Upon appeal by Mrs. Louisa Brooks to district court from action of county court, admitting will to probate, such action was reversed, and Harry Creger brings error. Reversed and remanded.

Jarrett & Speakman, for plaintiff in error.

Erwin & Erwin, for defendant in error.

KANE, J. This is an appeal from the action of the district court of Lincoln county reversing the action of the county court of said county in admitting to probate a purported holographic will.

The principal question in dispute in both courts · was whether the will was in the handwriting of M. Creger, the apparent testator; the county court answering this question in the affirmative and the district court answering it in the negative.

The principal grounds for reversing the judgment of the district court are stated by counsel for plaintiff in error in their brief substantially as follows: (1) The judgment of the trial court is clearly against the weight of the evidence. (2) The trial court erred in refusing to consider the testimony of John Creger given in the county court and contained in the transcript filed in the district court.

On the first proposition it is sufficient to say that the record discloses that there is a sharp conflict in the evidence on the disputed question of fact and that where the weight of the evidence lies largely depends upon the credibility of the witnesses testifying on either side. The credibility of the witnesses being so peculiarly within the province of the jury or the trial court, this court would hesitate to set aside a judgment on the first ground urged.

We believe, however, that the judgment of the trial court should be reversed on the second ground. The witness John Creger, who was an over-seas soldier at the time of the trial, testified in the county court that he was acquainted with the handwriting of the testator, who was his father, and that the will in question was in his father's handwriting and signed by him. The notes of this testimony were filed by the shorthand reporter with the clerk of the county court in which the cause was tried, and it was a transcript of the notes so filed that was rejected by the trial court.

We think the transcript of the notes was admissible under sec. 1792, Rev. Laws 1910, which provides as follows:

"The shorthand reporter in any court of record shall file his notes taken in any case with the clerk of the court in which the case was tried. Any transcript of notes so filed, duly certified by the reporter of the court who took the evidence as correct, shall be admissible as evidence in all cases, of like force and effect as testimony taken in the cause by deposition, and subject to the same objection; a transcript of said notes may be incorporated into any bill of exceptions or case-made. On appeal it shall be the duty of the reporter to furnish such transcript when demanded, as required by law."

In Kansas City, M. & O. Ry. Co. v. Roe, 72 Oklahoma, 180 Pac. 371, it is held:

"Where not otherwise objectionable, testimony of witnesses adduced at a former trial between the same parties, involving

the same subject-matter, which has been transcribed by the court reporter from his stenographic notes and certified to by him, incorporated in the case-made, the case-made signed and settled by the trial judge, and the same filed with the clerk of the district court, is admissible in evidence as the deposition, of said witnesses, although the reporter's notes were not filed in the district court, as provided by section 1792, Rev. Laws of 1910."

While counsel for defendant in error concede the general application of the statute just cited they contend that it does not apply in the case at bar. They say this case is governed by probate procedure, Section 6213, Revised Laws 1910, which provides as follows:

"The testimony of each witness, reduced to writing and signed by him, shall be taken. kept and filed by the judge, and shall be good evidence in any subsequent contests or trials concerning the validity of the will, or the sufficiency of the proof thereof, if the witness be dead, or has permanently removed from the state."

In support of this contention, counsel cite Gardner v. School Dist. No. 87, Kay County, 34 Okla. 716, 126 Pac. 1018, which holds:

"Where there are two provisions of the statutes, one of which is special and particular and clearly includes the matter in controversy and where the special statute covering the subject prescribes different rules and procedure from those in the general statute, it will be held that the special statute applies to the subject-matter, and that the general statute does not apply."

Conceding the correctness of the rule thus announced we are unable to admit its application to the case at bar. The testimony of John Creger could not be introduced under the special statute because it applies only where a witness is dead or permanently removed from the state. The witness John Creger was neither dead nor permanently removed from the state, but was temporarily serving in the American Army in France at the time of the trial.

In the construction of statutes, harmony, not confusion, is to be sought. The true rule has often been said to be that where two acts or parts of acts are reasonably susceptible of a construction that will give effect to both and to the words of each, without violence to either, it should be adopted in preference to one which, though reasonable, leads to the conclusion that there is a conflict. There is no conflict between different provisions of a statute if there is a reasonable meaning of the words used considering the manner of their use, which

will bring them into harmony. Sackett v. Rose, 55 Okla. 398, 154 Pac. 1177; Town of Comanche v. Ferguson, 67 Okla. 101, 169 Pac. 1075.

While the special statute clearly applies in cases where the witness is dead or permanently removed from the state, we perceive no such conflict between it and the general statutes as would preclude the construction we have placed on the latter.

There is no merit in the contention made by counsel that the assignment of error is not sufficient, on account of its generality, to present for review the question just passed upon.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded, with directions to grant a new trial.

JOHNSON, V. C. J., and KENNAMER, NICHOLSON, BRANSON, and COCHRAN. JJ., concur.