CITIZENS SAVING AND LOAN COMPANY v. GEORGIA C. WARREN.

(Filed 25 January, 1933.)

1. **Estoppel B a—Record agreement not to plead statute of limitations held not to apply to second suit instituted after nonsuit.**

   A verdict in plaintiff's favor was set aside by consent of the parties upon condition that the defendant would withdraw his plea of the statute of limitations. Upon the second trial a nonsuit was entered. Within a year the present suit was instituted under the provisions of C. S., 415, and the defendant set up the plea of the statute of limitations: *Held*, the agreement not to plead the statute of limitations does not apply to the present suit, the bringing of a suit after nonsuit constituting a different action though the causes of action are the same, and an order striking out the plea of the statute of limitations is error.

2. **Appeal and Error A d—**

   An order striking out defendant's plea of the statute of limitations affects a substantial right and is appealable.

APPEAL by defendant from *Finley, J.,* at July Term, 1932, of MECK-LENBURG.

Civil action to recover premiums alleged to be due on a number of fire insurance policies.

The appeal arises on plaintiff's motion to strike out defendant's plea of the statute of limitations.

The facts are these:

Suits were instituted against defendant and her husband which were consolidated for trial at May Term, 1931, resulted in verdict for plaintiff, and the following judgment entered:

"By consent of all parties—counsel for the plaintiff and defendants—the verdict is set aside and a new trial ordered, conditioned upon defendants agreeing to withdraw their plea of three-year statute of limitations set up in their answers."

Thereafter, the cases were again tried—the pleas of the statute of limitations having been withdrawn—and a judgment of nonsuit entered at the close of plaintiff's evidence as to the *feme* defendant. ·

Within a year after such nonsuit, the present action was instituted as permitted by C. S., 415. The defendant again pleaded, in bar of the plaintiff's right to recover, the three-year statute of limitations.

Motion by plaintiff to strike out defendant's plea of the statute of limitations, because in breach of the condition upon which the verdict rendered at the May Term, 1931, was set aside; motion allowed, and defendant appeals.

*A. B. Justice* for plaintiff.
*H. C. Jones* and *Brock Barkley* for defendant.

STACY, C. J., after stating the case: The correctness of the ruling, from which defendant appeals, depends on whether the present proceeding is a new action or a continuation of the old one; for, if it be the same suit, the condition upon which the verdict was set aside at the May Term, 1931, still binds; otherwise not.

In those cases where the plaintiff seeks to use the original action to repel the bar of the statute, expressions may be found tending to support the theory of a *quasi*-continuous action. *Anonymous,* 3 N. C., 63. "In legal contemplation both make but one"—*Ruffin, J.,* in *Morrison v. Connelly,* 13 N. C., 233. "A nonsuit 'is but like the blowing out of a candle, which a man at his own pleasure may light again' "—*Walker, J.,* in *Grimes v. Andrews,* 170 N. C., 515, 87 S. E., 341.

But the statute denominates the first proceeding the "original action," and the second a "new action." C. S., 415; *Cooper v. Crisco,* 201 N. C.,

739, 161 S. E., 310. Indeed, in certain instances, the costs in the "original action" must be paid, thus removing it from the docket, before commencing the "new suit." *Rankin v. Oates,* 183 N. C., 517, 112 S. E., 32.

Undoubtedly, the actions are different, while the causes of action are the same. *Cooper v. Crisco, supra.* "The same candle blown out and lighted again." *Motsinger v. Hauser,* 195 N. C., 483, 142 S. E., 589. It is upon the theory of two actions to enforce the same cause of action that the principle of *res judicata* is founded. *Hampton v. Spinning Co.,* 198 N. C., 235, 151 S. E., 266. The statute authorizes the commencement of a "new action" to enforce the same cause of action which was set up in the "original action." *Woodcock v. Bostic,* 128 N. C., 243, 38 S. E., 881. A fresh action, after nonsuit, for the same cause. *Bradshaw v. Bank,* 172 N. C., 632, 90 S. E., 789. Identity of causes in both actions is essential to the applicability of the statute. *Quelch v. Futch,* 174 N. C., 395, 93 S. E., 899.

The order striking out the defendant's plea of the statute of limitations affects a substantial right, and is therefore appealable. *Ellis v. Ellis,* 198 N. C., 767, 153 S. E., 449; *Hosiery Mill v. Hosiery Mills,* 198 N. C., 596, 152 S. E., 794.

Error.