LORENZO H. BIRD, Appellant, v. OLAF NELSON et al., Appellees.

No. 41932.

JUNE 20, 1933.

Roy M. Harrop and Frank J. Stemler, for appellant.

Lynn S. Alberti, for appellees.

MITCHELL, J.—On December 26, 1929, the appellant filed a petition in the district court of Iowa in and for Pottawattamie county against Olaf Nelson, John J. Nugent, and six other men, alleging that they were a copartnership doing business under the name of the People's Store, and charging a conspiracy to libel and slander the appellant. This cause came to issue, a jury was impaneled, and trial was had, and at the conclusion of the appellant's case a motion for a directed verdict was interposed by the appellees. On September 24, 1931, while the court was considering the motion for a directed verdict, and before the court had rendered its decision upon the motion for a directed verdict, and no doubt anticipating what the court was about to do, the appellant dismissed said action without prejudice, and judgment for costs was entered against the appellant. On the 17th of March, 1932, the appellant filed in the office of the clerk of the district court of Iowa in and for Pottawattamie county a pleading which he designated "Petition—Continuation of Original Action", which pleading is entitled, "Lorenzo H. Bird, plaintiff, v. Olaf Nelson, John J. Nugent, et al., defendants", and is a continuation of the original action filed December 26, 1929, and dismissed by appellant without prejudice on September 24, 1931. The amended and substituted petition which was filed in the original action on September 4, 1930, is referred to and made a part of this pleading, or, at least, it is so alleged by the appellant. On the 8th day of June, 1932, the defendants (appellees herein) filed in the district court of Iowa in and for Pottawattamie county in the above entitled action a special appearance, which is as follows:

"Come now the defendants above named and each of them and appear specially for the sole and only purpose of attacking and questioning the jurisdiction of the court in this action for the following reasons and on the following grounds:

"That the action which plaintiff seeks to continue and which he has designated as a 'continuation of original action' was in fact fully and completely dismissed by plaintiff without prejudice and at plaintiff's costs and that section 11017 of the 1931 Code of Iowa referred to by plaintiff in petition filed March 17th, 1932, contem-

plates a new action and that this action is not a new action but that plaintiff seeks to continue the original action after same has been fully and completely dismissed by plaintiff without prejudice and that the court has no jurisdiction of the subject matter or of the defendants in said so called 'continuation of original action.' "

The special appearance was submitted to the court, and same was sustained and the action dismissed.

It is the claim of the appellant here that under section 11017, when a new action is brought within the required time, it shall for the purpose therein contemplated be held a continuation of the first, and the appellant claims that the pleading which was filed on March 17, 1932, was a new petition for the purpose of beginning a new action under said section 11017 of the 1931 Code.

Section 11017 of the 1931 Code is as follows: "If, after the commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second shall, for the purposes herein contemplated, be held a continuation of the first."

Clearly, the action which is to be brought within the six-month period as provided for in section 11017 of the 1931 Code of Iowa is a new action, and, after the appellant had dismissed his original action without prejudice and the judgment had been entered against him, the mere filing by him of a petition entitled "Petition—Continuation of Original Action" is not a new action such as contemplated and provided for in said section, and his original action is not revived.

Code, section 11055, provides that an action in a court of record is commenced by the service on the defendants of a proper and legal original notice of the pendency of such action, or by the defendants appearing personally or by attorney other than specially, and the mere filing of a petition without service of such original notice or the general appearance of the defendants does not constitute the commencement of an action. This is so well known by the bar that we will not take up space in the reporter or the time of the bar in citing cases. In the case at bar no original notice was ever served. The appellant does not claim that any was served or any attempt made to serve one. The appellees did not appear generally, but appeared specially for the sole and only purpose of attacking

the jurisdiction of the court. Section 11017 provides, in substance, that, if for any reason not due to negligence the plaintiff shall dismiss a case, a new action brought within six months thereafter shall be deemed a continuation of the former case. This section of the Code appears in the chapter on "Limitations of Actions", and by it the legislature intended to extend the period of limitation under conditions therein provided. But the statute requires the commencement of a new action, not the filing of a petition in the old action. The first action was ended by dismissal, and judgment for costs entered. The term at which the dismissal was entered had closed, and other terms had been held and closed. A new action was not begun, but it is sought by this procedure to bring to life an old one. The statute of limitations against the original action had run. There was only one method by which the time could be extended, and that is by the commencement of a new action within the time prescribed and by the proper service of original notice as provided by the Code. This was not done.

The lower court was right in sustaining the special appearance and in dismissing the action, and the judgment of the lower court must be, and it is hereby affirmed.

KINDIG, C. J., and STEVENS, ANDERSON, and KINTZINGER, JJ., concur.