**Lucille JULIEN, Appellant,**

v.

**Luther Eugene GARDNER, Appellee.**

**Calvin KENNETT, Appellant,**

v.

**Luther Eugene GARDNER, Appellee.**

**No. 54262.**

Supreme Court of Oklahoma.

May 5, 1981.

Whitten & Pankey by Linda L. Gray, Oklahoma City, for appellants.

Jack S. Dawson, Oklahoma City, for appellee.

HODGES, Justice.

This is an appeal from an en banc hearing by a three-judge panel consisting of two Oklahoma County district judges and one special judge. The appellants, Lucille Julien and Calvin Kennett, are the maternal grandparents of C.R.G. and W.B.G. Their daughter died January 20, 1979. At that time, she and the children's father were involved in a divorce action. The grandparents have been divorced for several years. Following the mother's death, the children's father refused to allow visitation by the grandparents. The grandparents, in separate actions, petitioned for visitation asserting that they had a statutory right to do so under 10 O.S.Supp. 1978 § 5. The father demurred to the grandparents' petitions and the cases were consolidated to determine as a matter of law whether the statute permitted grandparental visitation. Two members of the triumvirate voted to sustain the demurrers, with one triumvir dissenting.

I

Under common law, grandparents did not have the legal right to visit their grandchildren if the parents chose to prohibit the visitation, and their right to visitation was not subject to judicial enforcement. The right to visitation derives from the right to custody. A parent is under no legal obligation to permit a child to visit his/her grandparent; a grandparent, absent a custodial right, is not entitled to an award of visitation privileges in the absence of a statute.[1] Before the enactment of 10 O.S. 1971 § 5 in 1971, grandparents had no right to visit their grandchildren when the parents of the children were deceased or divorced unless the parent gave permission. With the 1971 statutory enactment, any grandparent who was the parent of the child's deceased parent was awarded reasonable visitation rights [when it appeared to be in the best interest of the child] if *"one or both* parents are deceased."[2] The

---

1. *Leake v. Grissom, 614 P.2d 1107, 1110 (Okl. 1980); Smith v. Painter, 408 S.W.2d 785, 786 (Tex.Civ.App.1966); Succession of Reiss, 46 La.Ann. 347, 15 So. 151 (1894).* See also Annot., "Grandparents' Visitation Rights," 90 A.L. R.2d 222 (1979).

2. It is provided by 10 O.S. 1971 § 5 in pertinent part:

... [W]hen one or both parents are deceased, any grandparent, who is the parent of the child's deceased parent, shall have reasonable rights of visitation to the child, when it is in the best interest of the child. The district courts are vested with jurisdiction to enforce such visitation rights and make orders relative thereto, upon the filing of a verified application for

statute was amended in 1975, to provide for visitation by the grandparents when "*one or both* of the parents are deceased or if they are divorced."[3] The statute was again amended in 1978, to provide for grandparental visitation when "*both* parents are deceased of if they are divorced."[4]

It is argued by the father that when both parents are alive and married, they have the right to decide who associates and visits with their children, and that the Legislature has merely accorded to same privilege to the surviving natural parent. The majority of the triune court held that the Legislature could have intended to "distinguish between cases where only one parent is deceased and the surviving parent has a legitimate need to control the contacts which a child may have with others (including grandparents, and cases in which both parents are deceased and there exists a weaker need of the new 'parent' to do the same."

██ We agree with the decision of the majority of the triumvirate. The statute is clear and unambiguous. The express language of 10 O.S.Supp. 1978[5] authorizes grandparental visitation only when *both* parents are deceased. There is no room for construction or provision for further inquiry

when the Legislature plainly expresses its intent.[6]

Affirmed.

IRWIN, C. J., and LAVENDER, SIMMS and DOOLIN, JJ., concur.

BARNES, V. C. J., and WILLIAMS, HARGRAVE and OPALA, JJ., dissent.

---

such visitation rights. Notice as ordered by the court shall be given to the person or parent having custody of said child and the venue of such action shall be in the county of the residence of such person or parent.

3. It is provided by 10 O.S.Supp. 1975 § 5 in pertinent part:

When one or both parents are deceased or if they are divorced, any grandparent, who is the parent of the child's deceased or divorced parent, shall have reasonable rights of visitation to the child, when it is in the best interest of the child. The district courts are vested with jurisdiction to enforce such visitation rights and make orders relative thereto, upon the filing of a verified application for such visitation rights. Notice as ordered by the court shall be given to the person or parent having custody of said child and the venue of such action shall be in the county of the residence of such person or parent.

4. It is provided by 10 O.S.Supp. 1978 § 5 in pertinent part: .

When both parents are deceased or if they are divorced, any grandparent, who is the parent of the child's deceased or divorced parent,

shall have reasonable rights of visitation to the child, when it is in the best interest of the child. The district courts are vested with jurisdiction to enforce such visitation rights and make orders relative thereto, upon the filing of a verified application for such visitation rights. Notice as ordered by the court shall be given to the person or parent having custody of said child and the venue of such action shall be in the county of the residence of such person or parent.

When one natural parent is deceased and the surviving natural parent remarries, any subsequent adoption proceedings shall not terminate any grandparental rights belonging to the parents of the deceased natural parent unless ordered by the court and after opportunity to be heard, provided the district court deems it is the best interest of the child.

5. See note 4, supra.

6. *Johnson v. Ward*, 541 P.2d 182, 185 (Okl. 1975); *Special Indemnity Fund v. Harold*, 398 P.2d 827 (Okl.1965).