WILEY ELECTRIC, INC., Appellant,

v.

Willa BRANTLEY, Appellee.

No. 65458.

Supreme Court of Oklahoma.

July 12, 1988.

Lawrence D. Taylor, Tulsa, for Wiley Elec., Inc., appellant.

David A. Mullon Jr., Tulsa, for Willa Brantley, appellee.

KAUGER, Justice.

The present controversy arises from the trial court's grant of summary judgment to the appellee, Willa Brantley. Certiorari is granted to answer a question of first impression: whether 12 O.S. 1981 § 100[1] requires that a second action, rather than a petition in the original case, be filed to avail a party of the savings clause providing that a new action may be filed within one year of dismissal otherwise than on the merits of any timely-filed action. The appellant, Wiley Electric, Inc., presents a second issue for determination by this Court: whether filing an amended petition is sufficient to avail a party of the savings provisions of 12 O.S. 1981 § 100.

We find that: (1) a new suit, rather than a petition in the action voluntarily dismissed, must be filed in order to avail a party of the savings provision of 12 O.S. 1981 § 100; and (2) that an amended petition is insufficient to avail a party of the savings provisions of 12 O.S. 1981 § 100 where no petition is pending which would be subject to amendment.

## FACTS

In the spring of 1981, the appellee/promoter, Willa Brantley and Gene Bench entered into a verbal contract whereby Bench was to provide lighting for four softball fields on land the appellee had leased for use as a softball park. Thereafter, Bench contacted the appellant/contractor, Wiley Electric, Inc., to install the lights on the four fields. On June 17, 1981, the contractor completed work and billed Bench $36,056.97 for construction and equipment

costs. When the bill was not paid, the contractor filed suit in district court naming Bench, the promoter and the owner of the property as defendants. The contractor sought relief for breach of contract and also sought to foreclose a previously filed lien.

On July 25, 1983, the contractor filed a motion for summary judgment against Bench based upon his admission of liability. Bench failed to respond and the trial court sustained the motion on August 11, 1982. On March 15, 1984, the contractor filed a dismissal without prejudice as to the promoter; and four days later, the trial court dismissed without prejudice against the owner of the land.

On March 14, 1985, one day short of a year after the dismissal without prejudice as to the promoter, the contractor filed a second petition in the original case alleging substantially identical causes of action and denominating the same three parties as defendants. The promoter filed a motion for summary judgment on the grounds that: (1) failure to name the partnership entity as a defendant and the taking of judgment against Bench precluded recovery against the promoter as an individual partner; (2) a foreclosure action could not be maintained where service of the lien notice was defective; and (3) that in order for the contractor to avail itself of 12 O.S. 1981 § 100 it had to file a petition in a new action rather than filing a second petition in the original case.

Finding that no substantial controversy existed as to any material fact, the trial court sustained the promoter's motion for summary judgment. On appeal, the Court of Appeals affirmed the trial court's ruling on the basis that to be entitled to the benefit of the savings provision of 12 O.S. 1981 § 100, a new suit had to be commenced and that the filing of a petition in the original case was insufficient to consti-

1. Title 12 O.S. 1981 § 100 provides:
"If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed."

tute a new action within the meaning of the statute.

I

## FILING A PETITION IN A PREVIOUSLY DISMISSED SUIT IS INSUFFICIENT TO INVOKE THE SAVINGS PROVISION OF 12 O.S. 1981 § 100.

The contract between Bench and the contractor for illumination of the softball fields was not in writing; therefore, the action had to be brought within three years.[2] Work was completed on or about June 6, 1981 and an invoice was sent to Bench on June 17, 1981. The original action was filed well within the three-year period on March 8, 1982. Summary judgment was entered against Bench on August 11, 1982 and dismissals without prejudice were taken against the promoter on March 15, 1984 and against the land owner on March 19, 1984. The action to which the contractor seeks to apply 12 O.S. 1981 § 100 was filed on March 14, 1985. As previously noted, a new action, as such, was not filed. The contractor simply filed a new petition in the original case.

▆▆▆ Precedent teaches that: (1) section 100 is intended to preserve the right to commence a new action for the same causes as in the original action and to allow a trial on the merits;[3] (2) the statute oper-

ates to extend a plaintiff's cause of action one year beyond the action's failure otherwise than on the merits;[4] (3) causes of action for purposes of the savings provision are to be defined by a transactional approach;[5] (4) all amendments to the petition which pertain to the same transaction as originally plead take effect in a § 100 suit from the time the action was commenced;[6] and (5) the purpose of § 100 is remedial and its provisions are to be liberally construed.[7] However, this Court has not decided the precise issue presented here—whether in order to take advantage of the savings provision of § 100 a new case must be filed or whether it is sufficient to file a petition in the same action previously dismissed.

The jurisdictions which have considered the issue have come to differing results. Iowa and North Carolina have indicated that a new action must be filed[8] in order to take advantage of a savings provision for statute of limitations purposes while Georgia courts find that an action under a savings provision is essentially de novo where it has been renewed, recommenced, or brought over.[9] The differing results appear to be based primarily upon the wording of the various statutes. While the Georgia statute provides that where the plaintiff discontinues or dismisses his case,

---

**2.** Title 12 O.S. 1981 § 95 provides in pertinent part:

"Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: ... Second. Within three (3) years: An action upon a contract express or implied not in writing; an action upon a liability created by statute other than a forfeiture or penalty; and an action on a foreign judgment...."

**3.** *Hamilton v. Vaden,* 721 P.2d 412, 417 (Okla. 1986); *Hatchell v. Hebeisen,* 16 Okl. 223, 82 P. 826–27 (1905).

**4.** *Hamilton v. Vaden,* see note 3, supra.

**5.** Under the transactional approach, the operative event that underlies a party's claim delineates the parameters of his cause of action. *Chandler v. Denton,* 741 P.2d 855, 862–63 (Okla. 1987). See also, *Retherford v. Halliburton Co.,* 572 P.2d 966, 968–69 (Okla. 1977).

**6.** *Chandler v. Denton,* see note 5, supra.

**7.** *Dumas v. United States,* 103 F.2d 676, 679 (10th Cir.1939); *C & C Tile Co., Inc. v. Independent School Dist. No. 7 of Tulsa County,* 503 P.2d 554, 559 (Okla.1972); *Haught v. Continental Oil Co.,* 192 Okl. 345, 136 P.2d 691–92 (1943); *Claussen v. Amberg,* 172 Okl. 197, 44 P.2d 92, 95 (1935); *Meshek v. Cordes,* 164 Okl. 40, 22 P.2d 921, 925 (1933).

**8.** *Bourne v. Southern Ry. Co.,* 224 N.C. 444, 31 S.E.2d 382–83 (1944); *Citizens' Saving & Loan Co. v. Warren,* 204 N.C. 50, 167 S.E. 494–95 (1933); *Bird v. Nelson,* 216 Iowa 262, 249 N.W. 393–94 (1933); *Cooper v. Crisco,* 201 N.C. 739, 161 S.E. 310, 312 (1931); *Johnson v. Petree,* 4 N.C.App. 20, 165 S.E.2d 757, 761–62 (1969). See also, *Dumas v. United States,* see note 7, supra.

**9.** *Chinn v. Maxwell,* 170 Ga.App. 85, 316 S.E.2d 546–47 (1984); *Hornsby v. Hancock,* 165 Ga.App. 543, 301 S.E.2d 900, 901–02 (1983); *Bishop v. Greene,* 62 Ga.App. 126, 8 S.E.2d 448–49 (1940).

an action may be recommenced within six months;[10] the Iowa[11] and North Carolina[12] statutes provide for the filing of a new action in order to avail a plaintiff of an extended period in which to refile where a nonsuit has been entered.

However, the Iowa statute does speak of the new action as a continuation of the first action filed.[13] Despite this language, in *Bird v. Nelson*, 216 Iowa 262, 249 N.W. 393–94 (1933), the Iowa Supreme Court found that a petition filed as a "Petition— Continuation of Original Action" was insufficient to constitute a new action within the meaning of that state's savings provision. Although not styled as a continuation, the petition filed here was essentially an attempt by the contractor to continue a suit which had been voluntarily dismissed just as the petition filed in *Bird* was an attempt to continue the previously dismissed action.

Section 100 closely resembles the North Carolina statute and provides for the bringing of a "new action" in order for the savings clause to circumvent the bar otherwise applicable. In construing its statute,

the North Carolina court has required the bringing of a new action based largely on the use in the applicable statute of two different phrases—the bringing of a new action and reference to the original suit.[14] The Oklahoma statute refers to any action commenced in due time and to the bringing of a new action but does not contain language which so clearly dichotomizes between two different actions. However, the use of the term "new action" in and of itself indicates that something additional or different must be done in order to come within the ambit of the savings provision. The result in North Carolina, as it must be in Oklahoma, is governed by a determination of the legislative intent in enacting the applicable statute.[15]

In attempting to ascertain the intent of the Legislature in enacting § 100, it is necessary to examine the provision which provided the means by which the contractor could come within the savings statute. It appears from the record that the dismissal as to the promoter in the instant case was taken under § 684.[16] Sections 100 and 684

**10.** O.C.G.A. § 9–2–61(a) provides:
"If a plaintiff discontinues or dismisses his case and recommences the same within six months, the renewed case shall stand upon the same footing, as to limitation, with the original case. However, this privilege of dismissal and renewal shall be exercised only once under this Code section."
This statute was amended in 1985 with substantial changes. No cases have construed the amendments.

**11.** Iowa Code § 614.10 (1946) provides:
"If, after the commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months, thereafter, the second shall, for the purposes herein contemplated, be held a continuation of the first."

**12.** N.C.Gen.Stat. § 1–25 provides:
"If an action is commenced within the time prescribed therefor, and the plaintiff is nonsuited, or a judgment therein reversed on appeal, or is arrested, the plaintiff or, if he dies and the cause of action survives, his heir or representative may commence a new action within one year after such nonsuit, reversal, or arrest of judgment, if the costs in the original action have been paid by the plaintiff before the commencement of the new suit, unless the original suit was brought in forma pauperis."

This provision is no longer a part of the North Carolina statutory law as it was repealed by session laws, c. 954, s. 4, in 1967.

**13.** Iowa Code § 614.10 (1946), see note 11, supra.

**14.** *Bourne v. Southern Ry. Co.; Citizens' Saving & Loan Co. v. Warren; Cooper v. Crisco; Johnson v. Petree*, see note 8, supra. See also, N.C. Gen.Stat. § 1–25, note 12, supra.

**15.** *Fuller v. Odom*, 741 P.2d 449, 452 (Okla. 1987); *Hess v. Excise Bd. of McCurtain County*, 698 P.2d 930, 932 (Okla. 1985); *Oklahoma City News Broadcasters Ass'n, Inc. v. Nigh*, 683 P.2d 72, 75 (Okla. 1984); *Walker v. St. Louis–San Francisco Ry. Co.*, 671 P.2d 672–73 (Okla. 1983); *Jackson v. Independent School Dist. No. 16 of Payne County*, 648 P.2d 26, 29 (Okla. 1982); *Grand River Dam Authority v. State*, 645 P.2d 1011, 1018 (Okla. 1982); *Dolese Bros. Co. v. Privett*, 622 P.2d 1080, 1084 (Okla. 1981); *Matter of Phillips Petroleum Co.*, 652 P.2d 283, 285 (Okla. 1982); *Becknell v. State Indus. Court*, 512 P.2d 1180, 1183 (Okla. 1973); *Territory v. Clark*, 2 Okl. 82, 35 P. 882–83 (1894).

**16.** Title 12 O.S. 1981 § 684 provides:
"A plaintiff may, on the payment of costs and without an order of court, dismiss any civil action brought by him at any time before a petition of intervention or answer praying for

are both found within title 12. Therefore, if a reasonable construction will result in harmonizing the provisions and giving reasonable effect to both sections without doing violence to either, the construction which avoids conflict is preferable to one, although reasonable, which leads to a conclusion that a conflict exists.[17]

■ Under § 684, a party has an absolute right to dismiss an action on payment of costs, at any time before a request for affirmative relief has been filed in the action.[18] Once a voluntary dismissal has been entered, the trial court is without further jurisdiction in the case.[19] Were we to hold that the filing of a new petition in a previously dismissed case was sufficient to avail a party of the savings provision of § 100, we would be creating an unnecessary conflict between the savings clause which calls for the filing of a "new action" and a § 684 dismissal which has been held to eliminate the trial court's jurisdiction.

In addition, a holding that a new petition filed in the original cause previously dismissed is sufficient under § 100 to extend the timeframe within which an action may be brought would contravene the plainly expressed mandate of § 100 that it is a "new action" which must be filed.[20] Where the legislative intent has been plainly expressed, no room exists for construction.[21]

Because the Legislature has plainly expressed that a new action must be filed, we are constrained to hold that a new petition in an old case is insufficient to avail a party of the savings provision of 12 O.S. 1981 § 100.

II

AN AMENDED PETITION WILL NOT OPERATE TO AVAIL A PARTY OF THE SAVINGS PROVISIONS OF 12 O.S. 1981 § 100 WHERE NO CAUSE IS PENDING SUBJECT TO AMENDMENT.

■ On July 25, 1983, the contractor moved for summary judgment against

affirmative relief against him is filed in the action. A plaintiff may, at any time before the trial is commenced, on payment of the costs and without any order of court, dismiss his action after the filing of a petition of intervention or answer praying for affirmative relief, but such dismissal shall not prejudice the right of the intervenor or defendant to proceed with the action. Any defendant or intervenor may, in like manner, dismiss his action against the plaintiff, without an order of court, at any time before the trial is begun, on payment of the costs made on the claim filed by him. All parties to a civil action may at any time before trial, without an order of court, and on payment of costs, by agreement, dismiss the action. Such dismissal shall be in writing and signed by the party or his attorney, and shall be filed with the clerk of the district court, the judge or clerk of the county court, or the justice, where the action is pending, who shall note the fact on the proper record: Provided, such dismissal shall be held to be without prejudice, unless the words 'with prejudice' be expressed therein."
See also, Morgan, "Voluntary Dismissals," 27 Okla.L.Rev. 621–22 (1974).

17. *Indep. School Dist. No. 89 v. Oklahoma City Federation of Teachers, Local 2309,* 612 P.2d 719, 722 (Okla. 1980); *Forston v. Heisler,* 341 P.2d 252, 255 (Okla. 1959); *Rogers v. Oklahoma Tax Comm'n,* 263 P.2d 409, 412 (Okla. 1952); *Creger v. Brooks,* 89 Okla. 127, 213 P. 547, 549 (1923).

18. *Firestone Tire & Rubber Co. v. Barnett,* 475 P.2d 167, 170 (Okla. 1970); *Shinn v. Morris,* 205 Okl. 289, 237 P.2d 455–56 (1951). See also, *Sherry v. Rowe,* 181 Okl. 119, 73 P.2d 134–35 (1937).

19. *General Motors Acceptance Corp. v. Carpenter,* 576 P.2d 1166, 1168 (Okla. 1978); *Firestone Tire & Rubber Co. v. Barnett,* see note 18 at 171, supra; *Shinn v. Morris,* see note 18, supra; *Sherry v. Rowe,* see note 18, supra. See, Morgan, note 16 at 628, supra, for the proposition that there are situations, limited by prior rulings in the action, which would not foreclose all action by the trial court.

20. Title 12 O.S. 1981 § 100, see note 1, supra.

21. *Fuller v. Odom,* see note 15, supra; *Northwest Datsun v. Oklahoma Motor Vehicle Comm.,* 736 P.2d 516, 519 (Okla. 1987); *Matter of Request of Hamm Production Co. for an Extension of Time,* 671 P.2d 50–52 (Okla. 1983); *Hughes Drilling Co. v. Morgan,* 648 P.2d 32, 35 (Okla. 1982); *Duesterhaus v. City of Edmond,* 634 P.2d 720, 722 (Okla. 1981); *Julien v. Gardner,* 628 P.2d 1165, 1167 (Okla. 1981); *Estate of Kasishke v. Oklahoma Tax Comm'n,* 541 P.2d 848, 851 (Okla. 1975); *Becknell v. State Indus. Court,* see note 15, supra; *In re Assessment of Champlin Refining Co.,* 186 Okl. 625, 99 P.2d 880, 882 (1940).

Bench reserving the right to take judgment against the promoter and the landowner. On August 10, 1983, the trial court granted the motion "pursuant to Rule 13." The contractor argues that the motion for summary judgment entered against Bench was interlocutory in nature and not appealable prior to a final judgment adjudicating all the rights of the parties. From this proposition, the contractor argues that there was no requirement to file a new action under 12 O.S. 1981 § 100 because the petition filed on March 14, 1985, constituted an amended petition in a pending suit.

Rule 13, Rules for the District Courts, provides that where a summary adjudication is issued which amounts to less than a complete judgment that the court indicate: (1) the facts or issues not in controversy, and (2) that the order will not be reviewable on appeal prior to final judgment.[22] Although the entry of judgment against Bench was unspecified in amount, the trial court did not indicate that the order was interlocutory in nature or nonreviewable prior to final judgment.[23] Therefore, once the other parties to the suit were dismissed, there was no petition pending for the contractor to amend. Additionally, 12 O.S.Supp.1984 § 2015[24] provides that amendments to add or drop parties may be made as a matter of course at any time within twenty days after service of a peti-

tion. Where the amendment is not made within twenty days, leave of court or written consent of the parties is required. The contractor did not seek permission from either the court or the parties prior to filing its petition on March 14, 1985. Therefore, even assuming there was a pending petition which could have been amended, the contractor did not take the steps necessary to effectuate an amendment.

Because 12 O.S. 1981 § 100 requires that a new action be filed in order to avail a party of its savings provisions and because there was no pending petition which the contractor could have amended, both the decision of the trial court and the opinion of the Court of Appeals are affirmed.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF APPEALS VACATED; JUDGMENT OF TRIAL COURT AFFIRMED.

DOOLIN, C.J., HARGRAVE, V.C.J., and LAVENDER and SIMMS, JJ., concur.

HODGES, OPALA, ALMA WILSON and SUMMERS, JJ., dissent.

---

**22.** Rule 13, Rules for the District Courts, 12 O.S. 1981, Ch. 2, App. provides in pertinent part:

"... (d) If, at the hearing on the motion, it appears to the court that there is no substantial controversy as to any material fact and that one of the parties is entitled to judgment as a matter of law, the court shall render judgment to said party whether or not he is the moving party.

If the court finds that there is no substantial controversy as to certain facts or issues, it shall make an order specifying the facts or issues which are not in controversy and direct that the action proceed for a determination of the remaining facts or issues, and such order is interlocutory and is not reviewable on appeal prior to final judgment...."

Although Rule 13 was amended effective November 1, 1984, the above quoted portion remains substantively unchanged and survives in section (e).

**23.** The motion granted by the trial court provided:

"Motion for judgment pursuant to rule 13 against the defendant Marvin Eugene Bench sustained."

**24.** Title 12 O.S.Supp.1984 § 2015(A) provides: "AMENDMENTS. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it any time within twenty (20) days after it is served. Amendments to add omitted counterclaims or to add or drop parties may be made as a matter of course within the time specified above. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall respond to an amended pleading within the time remaining for response to the original pleading or within ten (10) days after the service of the amended pleading, whichever period may be longer, unless the court otherwise orders."