2002 OK CIV APP 94

**Richard M. STEINBERG, Plaintiff/Appellant,**

v.

**Alice FRENTZ, Defendant/Appellee.**

**No. 95,559.**

Court of Civil Appeals of Oklahoma, Division No. 1.

May 29, 2002.

Certiorari Denied Sept. 24, 2002.

Jon L. Hester, Scott A. Hester, Hester & Hester, Oklahoma City, for Plaintiff/Appellant.

James A. Kirk, Jennifer S. Alger, Kirk & Chaney, Oklahoma City, for Defendant/Appellee.

## OPINION

ADAMS, Presiding Judge:

¶1  Richard Steinberg appeals a trial court order dismissing his claim for visitation with C, the child of Alice Frentz, to whom Steinberg was married from 1990 until 1999. Steinberg made no allegation that Frentz was unfit as a parent but alleged that C would be harmed if Steinberg was not allowed to exercise court-ordered visitation with C. Ruling on a motion to dismiss filed by Frentz, the trial court concluded Steinberg lacked standing to enforce visitation under any set of facts which might be proven in support of his petition and amended petition. Because we agree that under current Oklahoma law the trial court could not have granted visitation to Steinberg, we affirm.

¶2  We recognize, as argued by Steinberg, that a motion to dismiss does not test the facts regarding a claim but the law that governs the claim. We may affirm the trial court's order only if we determine that Steinberg would not be entitled to relief "under any set of facts that could be established consistent with the allegations." *Boren v. Thompson & Associates*, 2000 OK 3, ¶ 25, 999 P.2d 438, 447.

¶3  Citing *Looper v. McManus*, 1978 OK CIV APP 26, 581 P.2d 487, and cases from other jurisdictions, Steinberg argues the trial court should have allowed him the opportunity to prove that it was in C's best interest to continue a relationship with him and that C would be harmed by being deprived of his company. In *Looper*, another division of this Court affirmed an order for visitation in favor of the child's paternal grandparents and a former stepmother who had been the primary caretaker of a child for several years. Its discussion regarding visitation with the former stepmother is unsupported by any

citation to authority for such an award of visitation and contains virtually no analysis of the policy judgment involved in allowing someone other than a parent to judicially impose a continued relationship with the child over the objections of the parent.

¶4  Moreover, Steinberg's argument and *Looper* are inconsistent with Oklahoma precedent, decided after *Looper*, which ties a right to enforce visitation to a right to custody, in the absence of statutory provision. The Oklahoma Supreme Court addressed this principle in the context of grandparental visitation in *Leake v. Grissom*, 1980 OK 114, ¶ 8, 614 P.2d 1107, 1110:

> The right of a parent to the companionship, care, custody and management of his/her child is a basic fundamental right protected by the United States and Oklahoma Constitutions. *The right of visitation in the absence of a statute derives from the right to custody.* A grandparent who has no right to the custody of the child is not entitled to an award of visitation rights. A parent is under no legal obligation to permit a child to visit its grandparents in the absence of a statute. This Court is not insensitive to the yearning of grandparents for the company of their grandchildren. However, this longing may not be translated into a legal right in the absence of a statute dictating visitation. (Footnote omitted, emphasis added.)

¶5  The Court reiterated this view in *Julien v. Gardner*, 1981 OK 54, ¶ 2, 628 P.2d 1165, 1166:

> Under common law, grandparents did not have the legal right to visit their grandchildren if the parents chose to prohibit the visitation, and their right to visitation was not subject to judicial enforcement. *The right to visitation derives from the right to custody.* A parent is under no legal obligation to permit a child to visit his/her grandparent; a grandparent, *absent a custodial right,* is not entitled to an award of visitation privileges *in the absence of a statute.* (Emphasis added.)

This principle, visitation is tied to the right to custody, still appears to be valid Oklahoma law, even if it was somewhat muddied by dicta in *In re Bomgardner*, 1985 OK 59, 711 P.2d 92, which suggested that grandparents might have some claim to the companionship

of their grandchild in absence of a statutory provision.

¶ 6 The *Bomgardner* Court did not apply any such "equitable" principle to reverse a trial court's decision denying grandparental visitation, but used an extensive statutory analysis to conclude that the Legislature intended the grandparental visitation statute, 10 O.S.1981 § 5, to apply to any circumstances in existence at the time it was enacted. The Court concluded that the grandparents in question were not limited to the statutory provisions in place at the time of the death of the children's mother, their daughter, but could take advantage of statutory provisions enacted after the father gained custody of the children after the mother's death. More significantly, despite recognizing the existence of *Julien*, the Court did not overrule that decision.

¶ 7 Even if we might conclude that *Bomgardner* represented a retreat by the Court, under the limited circumstances presented there for grandparental visitation, from its commitment by *Leake* and *Julien* to leaving to the Legislature decisions concerning what persons should have the ability to judicially enforce the right to a relationship with a child over the objections of parents, nothing suggests we can extend that decision to the circumstances presented here. To do so would require us to ignore the principle recognized in *Leake* and *Julien* by the Oklahoma Supreme Court.

¶ 8 We, like the trial court, decline to follow *Looper*, and conclude that Steinberg's right to enforce visitation, in the absence of any allegation that he is entitled to custody because Frentz is unfit, depends on Oklahoma's statutory provisions, which do not provide for such visitation. Because we so conclude, we need not reach the validity of Frentz's argument that granting such visitation would violate her constitutional rights as a parent. The trial court's order is affirmed.

AFFIRMED

JOPLIN, V.C.J., concurs; and JONES, J., dissents.