2006 OK CIV APP 87

**Robert ELLIOTT and Kathy Elliott, Plaintiffs/Appellees,**

v.

**Caleb McCALEB, McCaleb Homes, Inc., and McCaleb Land & Development, LLC, Defendants/Appellants.**

**No. 102,413.**

Court of Civil Appeals of Oklahoma, Division No. 2.

June 20, 2006.

**254**

W.R. Cathcart, Virginia Cathcart Holleman, Scott D. Caldwell, Cathcart & Dooley, Oklahoma City, OK, for Plaintiffs/Appellees.

James E. Britton, Andrew D. Schwartz, Britton, Ramsey and Gray, P.C., Oklahoma City, OK, for Defendants/Appellants.

JANE P. WISEMAN, Presiding Judge.

¶1 This appeal arises from the trial court's refusal to address the motion for summary judgment of Defendants Caleb McCaleb, McCaleb Homes, Inc., and McCaleb Land and Development, LLC (collectively, McCalebs), filed after the trial court's dismissal of the case without prejudice for failure to issue summons. After reviewing the record submitted and applicable law, we affirm the trial court's decision.

¶2 The procedural history is relatively brief. On June 14, 2004, Plaintiffs Robert and Kathy Elliott (Elliotts) filed their petition against McCalebs for breach of warranty, negligence, breach of contract, and puni-

tive damages. Elliotts failed to issue any summons, and on November 12, 2004, the trial court dismissed Elliotts' case without prejudice under Rule 9(a) of the Rules for the District Courts.[1] On April 14, 2005, Elliotts issued a summons on Caleb McCaleb which was signed for by "Andy Means" on April 15, 2005. McCalebs filed a motion for summary judgment on Elliotts' claims on May 25, 2005. At a hearing on the motion for summary judgment on July 1, 2005, the trial court determined that the earlier dismissal rendered the court without jurisdiction to hear McCalebs' motion and struck from the record all documents filed after the November 12 dismissal, including McCalebs' motion for summary judgment. From this order, McCalebs appeal.

¶3 Neither party on appeal contends that the trial court's dismissal under Rule 9(a) was improper, and the dismissal itself has not been appealed. McCalebs contend that the trial court had jurisdiction after the dismissal to entertain the motion for summary judgment and erred when it refused to do so. Elliotts contend that the dismissal terminated the trial court's jurisdiction with certain exceptions not applicable here, and the trial court was correct in its refusal. Issues of jurisdiction are questions of law reviewable by a *de novo* standard without deference to the court below. *Jackson v. Jackson*, 2002 OK 25, ¶2, 45 P.3d 418, 422.

¶4 McCalebs stated their position succinctly in their brief in chief:

[W]hen the District Court issued the summons in the dismissed case and the Elliotts served process on McCaleb, the Court acquired jurisdiction over McCaleb, and McCaleb was bound to respond. McCaleb responded by filing a Motion for Summary Judgment, and the Court was required to rule on the Motion for Summary Judgment.

They rely on *Wiley Electric, Inc. v. Brantley*, 1988 OK 80, 760 P.2d 182, as dispositive of the jurisdictional issue. In *Wiley*, a lighting contractor sued three defendants for breach of contract to collect his unpaid bill and to

---

1. Rule 9(a) provides: "In any case in which summons is not issued or waiver filed within ninety (90) days after the filing of the petition,

... the action may be dismissed by the court without notice to the plaintiff." 12 O.S.2001, Ch. 2, App. 1.

foreclose his lien. The plaintiff obtained summary judgment as to one defendant and dismissed another defendant without prejudice, and shortly thereafter, the court dismissed the last defendant without prejudice. In seeking to comply with 12 O.S.2001 § 100,[2] plaintiff then filed an amended petition in the same case with substantially identical claims against the three original defendants. One of the defendants filed a motion for summary judgment, claiming that the requirements of § 100 could be met only by filing a new lawsuit, not by filing an amended petition in the dismissed case. The Oklahoma Supreme Court held that the trial court and the Court of Civil Appeals were correct in holding that § 100 requires the filing of a new action and that the filing of an amended petition in a previously dismissed action is insufficient to invoke the savings provisions of § 100. *Wiley,* 1988 OK 80 at ¶ 18, 760 P.2d at 187.

¶ 5 McCalebs argue that, because the trial court in *Wiley* heard and ruled on the motion for summary judgment filed by one of the defendants after the amended petition was filed, then the trial court in the instant case also had jurisdiction to hear McCalebs' motion. In response, Elliotts cite a number of cases for the proposition that a valid dismissal deprives the trial court of jurisdiction to address the motion for summary judgment. *General Motors Acceptance Corp. v. Carpenter,* 1978 OK 39, 576 P.2d 1166; *Green v. Jacobson,* 1998 OK CIV APP 121, 963 P.2d 26; *McCully v. Wil–Mc Oil Corp.,* 1994 OK CIV APP 111, 879 P.2d 150 (all of which involved voluntary dismissals by the plaintiff under § 684 of Title 12 of the Oklahoma Statutes).

■ ¶ 6 We agree that, as a general rule, the dismissal of a case has the effect of depriving the trial court of further jurisdiction to act in the matter. "Once an action has been dismissed, no jurisdiction remains in district court to go forward with the action." *General Motors,* 1978 OK at ¶ 8, 576

P.2d at 1168. We see no reason to differentiate between voluntary dismissals under 12 O.S.2001 § 684 and dismissals by the court under Rule 9(a) on the question of the dismissal's effect on the court's exercise of jurisdiction.

■ ¶ 7 As the Supreme Court noted in *Wiley,* however, there are situations, limited by prior rulings in the action, which would not foreclose all action by the trial court. *Wiley,* 1988 OK 80 at n. 19, 760 P.2d at 186. A trial court retains jurisdiction after dismissal to consider and impose discovery sanctions for pre-dismissal conduct. In *Brown v. Curtis,* 2003 OK CIV APP 47, 71 P.3d 34, the Court of Civil Appeals held, "After the dismissal of the [Appellants] by [Appellee], the Trial Court retained limited jurisdiction to consider [Appellants'] motion for attorney fees, which was addressed to [Appellee's] pre-dismissal discovery-related conduct." *Id.* at ¶ 20, 71 P.3d at 38. The case before us, however, does not involve the exercise of jurisdiction to address pre-dismissal conduct.

¶ 8 The *Brown* court further stated that a trial court's "jurisdiction to impose discovery sanctions, like the jurisdiction to impose sanctions under 12 O.S.2001 § 2011, survives a voluntary dismissal." *Id.* at ¶ 28, 71 P.3d at 40 (citing *Bentley v. Hickory Coal Corp.,* 1992 OK CIV APP 68, 849 P.2d 417). The case before us does not involve a motion for sanctions under § 2011.

¶ 9 The motion for summary judgment before us asserts that (1) with the Rule 9(a) dismissal, the trial court lacked jurisdiction to proceed on Elliotts' claims; (2) Elliotts' attempt to revive jurisdiction by issuing summons and serving Caleb McCaleb was frivolous and unwarranted by existing law; (3) there is no question of material fact; (4) McCalebs are entitled to judgment as a matter of law; and (5) McCalebs are entitled to a

2. 12 O.S.2001 § 100 states: "If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff ... may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed."

reasonable attorney's fee and costs under 12 O.S.2001 § 2011.1.

¶ 10 McCalebs took the position in the motion that, "[o]nce an action is dismissed, the jurisdiction of the Court over the subject matter of the action terminates" and "[t]he Court lacks subject matter jurisdiction to proceed here on [Elliotts'] claims." We agree. In examining the *Wiley* case, the Oklahoma Supreme Court was faced with a motion for summary judgment that raised a jurisdictional question (*i.e.*, whether an amended petition was sufficient to confer jurisdiction on the court under § 100 to consider plaintiff's claims). Unlike the present case, the plaintiff in *Wiley* had filed an amended petition, and the trial court was required to determine whether it had jurisdiction to proceed with plaintiff's claims pressed in its amended petition. The Supreme Court concluded that, once the dismissal was filed, the trial court was without further jurisdiction in the case and could not proceed further to consider plaintiff's claims in the dismissed case. *Wiley*, 1988 OK 80 at ¶ 13, 760 P.2d at 186. The Court found that, when the case was dismissed, there was no petition pending which would be subject to amendment. *Id.* at ¶¶ 2, 17–18, 760 P.2d at 183, 187. The same analysis applies to the case at bar. Once the case was dismissed without prejudice by the court, there was no petition pending on which the court could grant summary adjudication.

¶ 11 The language of Rule 13 of the Rules for the District Courts [3] makes it clear that it is a mechanism for summary disposition of issues "on the merits." After dismissal, the trial court had no authority to address the merits of any issue raised by Elliotts in their petition, there being no extant petition to address, and only limited authority to address ancillary issues as noted above. It appears that McCalebs filed their motion for summary judgment as a vehicle to obtain attorney fees and costs. The predicate motion is not in reality a motion for judgment on the merits; it is a pretext for seeking attorney fees and costs pursuant to § 2011.1. This section, however, requires an adjudication on the merits:

> In any action not arising out of contract, the court shall, upon granting a motion to dismiss an action or a motion for summary judgment or subsequent to adjudication on the merits, determine whether a claim or defense asserted in the action by a nonprevailing party was frivolous.

12 O.S.2001 § 2011.1.

¶ 12 The Rule 9(a) dismissal in this case cannot in any sense be considered an adjudication on the merits, and Elliotts were free to refile their claims.[4] McCalebs were not asking the trial court to determine the merits of Elliotts' claims under Rule 13—the statement of undisputed facts set forth in the motion has nothing to do with the substance of Elliotts' claims for breach of warranty, negligence, and breach of contract.

¶ 13 Under § 2011.1, only frivolous *claims or defenses* may subject the nonprevailing party to attorney fees and costs; McCalebs complain of Elliotts' issuing summons and obtaining service. These are not actions subject to the rubric of § 2011.1.

¶ 14 Finally, McCalebs cannot be construed to be prevailing parties, as required under this section, because there has been no adjudication on the merits and Elliotts were free to refile their claims after the previous dismissal that was not on the merits.

---

3. The pertinent portion of Rule 13(a), 12 O.S. 2001 Ch. 2, App. 1, provides: "A party may move for either summary judgment or summary disposition of any issue *on the merits* on the ground that the evidentiary material filed with the motion or subsequently filed with leave of court show that there is no substantial controversy as to any material fact." (Emphasis added.)

4. Elliotts have, in fact, refiled their claims in a new case, number CJ–2005–8250, assigned to the same trial judge. McCalebs filed a motion to dismiss the new action. Even though the instant case was on appeal, the trial court *sua sponte* struck the motion to dismiss and consolidated the new case with the instant case. The trial court's consolidation may not be justifiable; given the dismissal of the first case, there is no extant case in which to consolidate any new claims. Provisions for consolidation of cases presuppose pending cases, not cases disposed of. The appeal of that trial court determination was dismissed on May 2, 2006, for lack of an appealable order.

¶ 15 Using a motion for summary judgment as a vehicle to become a prevailing party for purposes of § 2011.1 does not confer jurisdiction on the court, and we decline to broaden the field of exceptions to the general rule terminating jurisdiction upon dismissal to include such motions.

¶ 16 The trial court's finding on the jurisdictional issue is therefore affirmed.

¶ 17 AFFIRMED.

GOODMAN, J., and REIF, J. (sitting by designation), concur.